DORA LINDE v. AUGUST GAFFKE.[1]

November 12,1900.

Nos. 12,258—(60).

Wheat—Value—Farmer May Testify.

A farmer engaged in raising and marketing wheat is presumed to know the value thereof, and may testify thereto without showing familiarity with the market.

Conversion of Wheat—Evidence.

Evidence examined, and *held* to sustain the verdict as to the ownership of certain wheat alleged to have been converted by defendant.

Action in the district court for Sibley county to recover $219.90 damages for conversion. The case was tried before Cadwell, J., and a jury, which rendered a verdict in favor of plaintiff. From an order denying a motion for a new trial, defendant appealed. Affirmed.

*Ed. H. Huebner*, for appellant.

*W. H. Leeman*, for respondent.

BROWN, J.

Action to recover for the conversion of a quantity of wheat, which plaintiff alleges was her property. Defendant took and converted the wheat, as sheriff, under an execution against the plaintiff's husband. Plaintiff had a verdict, and defendant appeals from an order denying a new trial.

We find nothing in any of the assignments of error to require extended notice. There was no error in refusing to strike out the testimony of witness Papke. He was a farmer, and presumed to know the value of the wheat (McLennan v. Minneapolis & N. E. Co., 57 Minn. 317, 59 N. W. 628); and, besides, the defendant himself corroborated the witness on that subject. It was of no importance whether plaintiff owned the land on which the wheat was raised. She testified that she raised the same, and that it was her property. This sustains the verdict, and, if error to admit the documentary

1 Reported in 84 N. W. 41.

evidence complained of, it was error without prejudice. Counsel does not seriously contend that there was any misconduct on the part of the jury. Certainly none is shown by the affidavits.

Order affirmed.