# ALVA R. HUNT v. MEEKER COUNTY ABSTRACT & LOAN COMPANY.[1]

April 16, 1915.

Nos. 18,945—(160).

*Costs — motion to vacate levy of execution.*

Costs in an action to determine whether plaintiff had the right to enforce a partition of real estate are not expenses of making the partition, within the meaning of G. S. 1913, § 8037. Hence, a motion to vacate the levy of an execution upon a judgment for costs in such action must be denied. [Reporter.]

Respondent moved for an order restraining the enforcement of the execution issued upon the judgment for costs, and for an order setting aside the levy made under such execution on the ground that the statutes provide that the costs in partition actions shall be apportioned and adjusted by the court and paid out of the proceeds of the sale of the property involved; that the costs of the action have never been apportioned by the court; and that appellant is not entitled to enforce an execution for the costs of the action against the individual property of respondent. Motion denied.

*R. H. Dart,* for respondent.

*Alva R. Hunt* and *E. W. Campbell,* for appellant.

PER CURIAM.

This action was brought to compel the partition of certain real estate. Defendant denied plaintiff's right to enforce such partition and the trial court sustained defendant's contention and dismissed the action. Plaintiff appealed and this court reversed the trial court. Hunt v. Meeker County Abstract & Loan Co. supra, page 207, 150 N. W. 798. Plaintiff taxed his costs in this court and caused judgment to be entered therefor, and thereafter caused an execution to be issued upon the judgment and a levy to be made thereunder.

Defendant now moves to vacate such levy and to enjoin further proceedings under the execution, upon the ground that the costs in partition proceedings should be apportioned between the parties or be paid out of the proceeds of the property. This motion must be denied for the reason that the costs in controversy were incurred in an adversary proceeding to determine whether plaintiff possessed the right to enforce a partition and are not expenses of making the partition within the meaning of section 8037, G. S. 1913. See Hanson v. Ingwaldson, 84 Minn. 346, 87 N. W. 915.

Motion denied.

[1] Reported in 151 N. W. 1102.