## GRANT MATTESON v. GEORGE BLAISDELL.[1]

### April 1, 1921.

### No. 22,140.

**Evidence—rulings of court not prejudicial.**

1. No prejudicial errors appear in the rulings on the admission of evidence.

**Statute of limitations—burden of proof.**

2. If the statute of limitations is pleaded as a defense, and the issue is presented by the evidence, it is proper to charge the jury that the defendant has the burden of proof upon such issue.

[1]Reported in 182 N. W. 442.

**Authority of attorney to compromise action unknown to his client.**

    3. Except in an emergency, there is no authority in an attorney to enter a stipulation to settle and compromise a cause of action without the knowledge or consent of his client.

**Judgment non obstante.**

    4. Upon neither the law nor the evidence was defendant entitled to judgment notwithstanding the verdict.

Action in the district court for Waseca county to recover $3,000 for services. The case was tried before Childress, J., who at the close of the testimony denied defendant's motion for a directed verdict, and a jury which returned a verdict for $800. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*H. M. Gallagher, C. J. Laurisch* and *C. E. Phillips,* for appellant.
*Moonan & Moonan,* for respondent.

HOLT, J.

In 1874 defendant, a farmer, married plaintiff's mother, a widow. Plaintiff was then 9 years old, and became a member of the household. He now claims that at the age of about 14 years he undertook to leave the home and shift for himself; that, after a week's absence, he was induced to return and work for defendant during the balance of his minority upon defendant's promise that he should receive the "back forty" when defendant died; and that plaintiff fully performed his part, but that defendant, shortly before the commencement of this action, broke the agreement by conveying the "back forty" to some one else. He now seeks to recover for the services rendered defendant. The answer, in addition to denying the alleged promise, averred that plaintiff previously asserted a claim to compensation for all services rendered during his minority, and that, to buy peace, defendant had, for a valuable consideration, settled and discharged all claims that plaintiff so asserted. The statute of limitations was also pleaded in bar. The trial resulted in a verdict of $800 in favor of plaintiff. Defendant appeals from the order denying the motion for judgment notwithstanding the verdict or a new trial.

Over defendant's objection a neighbor of his was permitted to give an opinion as to the value of plaintiff's services during his minority. It may be conceded that the foundation for the opinion was not very satisfactory. In the nature of things the witness could not well recall what particular farm work or how much of it he had observed plaintiff doing some 35 years ago. The witness was not then interested in the matter and had no occasion to charge his memory therewith. But, as a farmer actively engaged at that time in farming, he was qualified to give an opinion of the value of services a young person of plaintiff's age and capacity was capable of rendering on a farm.

Nor was it improper to bring out why plaintiff left defendant's home just before the alleged agreement was made. This bore on the probability of an inducement for his return.

One Terwilliger, who occasionally worked for defendant when plaintiff was between his fifteenth and eighteenth years, was permitted to testify that at defendant's table it was stated that, when defendant got through with this forty, plaintiff should have it, and that he believed the statement was made in the presence of defendant, but could not be entirely certain. What was said in respect to the first error assigned is applicable to this. The length of time since the talk was heard undoubtedly has effaced many of the details of the setting, and it is not to be expected that the witness could be as positive that defendant heard or took part in the talk as if the incident were of recent date. But this uncertainty does not necessarily exclude the testimony. It affects its weight.

If the issue could possibly arise in the case, it was correct to charge the jury that the burden was on defendant to show the cause of the action barred. The bar of the statute of limitations is a defense that must be pleaded. Hardwick v. Ickler, 71 Minn. 25, 73 N. W. 519; Gilbert v. Hewetson, 79 Minn. 326, 82 N. W. 655, 79 Am. St. 486; Schmitt v. Hager, 88 Minn. 413, 93 N. W. 110. It follows that the one who is under the necessity of pleading a defense must needs assume the burden of proving it, unless the facts constituting the same are admitted or proven by the other side.

In 1889 plaintiff sued defendant, claiming that the latter agreed to convey to him the "back forty" when he attained his majority and also transfer a span of horses. Defendant answered, denying the agreement, and also alleging that plaintiff had made a prior claim for compensation

for the same services and such claim had been compromised by giving plaintiff one horse. On December 4, 1889, a stipulation, signed by the then attorneys for the parties, was filed in court, reciting that in consideration of $30 paid to plaintiff by defendant the action is "hereby dismissed without costs to the defendant and all matters of difference between the parties herein, made by the issues in the pleadings are hereby settled." The attorneys who executed the stipulation are all dead. Plaintiff denies that he was present or knew thereof, or that he received any part of the consideration. There is no direct evidence contradicting him. Under the law as carefully examined and expressed in Gibson v. Nelson, 111 Minn. 183, 126 N. W. 731, we regard it as settled in this state that the attorneys had no implied authority to settle and compromise plaintiff's lawsuit without his knowledge or consent. The stipulation, therefore, did not of itself establish a defense.

It is further claimed that it appears from the answer in the suit started in 1889 that defendant repudiated the alleged agreement, hence a cause of action then accrued and was barred many years ago. In fact the court charged the jury that: "A claim of this kind becomes outlawed six years after the plaintiff learned that the defendant did not intend to fulfil the agreement." There are two answers to this contention. The instruction did not state the law correctly. A verbal denial of the existence of a contract or a declaration of an intention not to comply with its terms by one of the parties, prior to the time he is required to perform the same and after the other party has fully performed, does not set the statute of limitations running as against the other party. Indeed, we cannot see how the bar of the statute could be invoked at all in this case, for, not earlier than the date when defendant conveyed the "back forty" to another son, and that was less than two years before this action was started, was there such a breach of the contract that an action accrued to plaintiff. Again, plaintiff testified that instead of adhering to the repudiation of a contract as alleged in the answer to the action of 1889, defendant, before the signing of the stipulation of the settlement thereof, expressly acknowledged the existence of the contract as now pleaded and promised to fulfil it.

The basis of the two prior suits referred to and the circumstances of their termination, create a strong suspicion that the testimony has been

made to fit the legal theory upon which a recovery must here be predicated. To those knowing the skill and integrity of plaintiff's attorneys who settled the suit of 1889, it seems incredible that they did not definitely ascertain when the "back forty" was to be received by plaintiff, or that, when acquainted with the fact that the action had been prematurely brought, they undertook to settle and dismiss it for a trifle. It also staggers belief that any attorney would compromise a $1,300 claim for $30 without express authority from the client. But notwithstanding this and more that might be said against this oft asserted demand, it must be conceded that there is testimony which, if accepted by the jury as true, entitled plaintiff to a verdict on the theory on which it was presented herein. It is not our province to set aside a verdict founded on testimony and approved by the trial court, unless the record discloses prejudicial error. The record does not.

The order is affirmed.