## FRANK R. OLSON v. RASMUS PETERSON AND ANOTHER.[1]

May 26, 1922.

No. 22,760.

**Amendment of answer during trial.**

1. Leave to amend the answer of one of the appellants made during the trial was rightly denied.

**Delaying creditors of husband — decision sustained.**

2. The findings of fact are sustained to the effect that defendants, husband and wife, with intent to hinder and delay creditors of the husband, particularly this plaintiff, placed the proceeds of unexempt property of the husband in the hands of the wife, and that such findings justify the conclusions of law.

[1]Reported in 188 N. W. 258.

**Gifts to wife trust fund for payment of plaintiff's judgment.**

 3. Giving the wife the whole proceeds of the sale of the 120 acre farm, whereof the 80 acres was his homestead, the husband, with the intent above stated, also delivered to her cash and property more than sufficient to pay plaintiff's judgment. The court did not err insofar as the latter is declared a trust fund out of which the judgment is to be satisfied.

Action in the district court for Big Stone county to recover certain securities and moneys transferred to defendant's wife and for the appointment of a receiver. The answer alleged that the mortgages represented part of the proceeds from the sale of the homestead of the value of $16,000. The case was tried before Flaherty, J., who made findings and ordered judgment in favor of plaintiff. Defendant Nettie Peterson's motion for amended findings and conclusions was denied. From the judgment entered pursuant to the order for judgment, both parties appealed. Affirmed.

*Howard Babcock* and *Fowler, Carlson, Furber & Johnson,* for appellant.

*L. D. Barnard* and *J. M. Freeman,* for respondent.

HOLT, J.

Plaintiff recovered a judgment of $2,568.49 against the defendant Rasmus Peterson, on December 17, 1919, on a claim for services rendered in the fall of 1918 in selling two farms in Renville county owned by Peterson. The one, a 160-acre farm, was sold for $22,400; and the other, containing 120 acres of which 80 constituted the homestead, was sold for $19,800. Upon the latter was a $12,000 mortgage. The deals were closed on March 1, 1919. At that time the purchaser, after assuming the mortgages then on the farms and making certain cash payments, gave promissory notes secured by purchase money mortgages for the balance of the agreed price. These notes and mortgages were, by the direction of Rasmus Peterson, made and delivered to his wife, Nettie Peterson. Upon the homestead the note and mortgage was for $2,300, and upon the 160-acre farm for $6,900. Of the cash received from these sales and the sale of his personal property, Rasmus turned over at least $8,000

to his wife. The inference is that whatever defendant Rasmus realized from the sale of real and personal property he turned over to Nettie, except that which went to pay debts, for execution on the judgment mentioned was returned unsatisfied. This action was then brought to subject funds in the hands of Nettie to its payment. Rasmus defaulted. The trial resulted in findings in plaintiff's favor. Defendant Nettie Peterson's motion for amended findings was denied, and both appeal from the judgment granting plaintiff the relief prayed for.

During the trial appellant Nettie asked leave to amend her answer so as to allege a good defense to the cause of action whereon plaintiff recovered the judgment mentioned against her husband. This was refused, and, we think, rightly. There was no claim that the judgment was obtained through collusion with her husband, and hence no reason why its validity should be questioned collaterally. Moreover, on this joint appeal from the judgment it is not perceived how the ruling can be even questioned.

The findings of fact are assailed, but their verity readily appears to the unbiased mind from a reading of the record. Aside from the proposition that a wife is by statute charged with knowledge of her husband's contracts and debts (section 7147, G. S. 1913), there was evidence that, prior to the receipt by her of the money and mortgages above referred to, she knew of and discussed with plaintiff his claim for commission against her husband. It also appears that, during the more than 30 years of married life of these parties, in which much personal property and quite a few tracts of real estate and farms were acquired and disposed of, all had been taken and dealt with as the sole property of Rasmus Peterson, until after the claim of plaintiff accrued; since when all property, including checking accounts in banks, has been exclusively in the name of the wife. Such a sudden change in the ostensible ownership of the property in the possession of a married couple is scarcely explained by Mrs. Peterson's statement that Mr. Peterson had been making improvident deals, and for that reason she insisted that she should hold the property. The more reasonable inference is that placing all the money and property in the wife's name was with intent to

delay and defraud the husband's creditors, of whom plaintiff was then one. Her testimony also pointedly indicates that, although the homesteads acquired subsequent to the sale of these lands and the money, mortgages and bank account had been in her name, she knows little, if anything, about the transactions and that presumably her husband has handled matters precisely as when everything was in his name.

A finding was requested by appellant Nettie to the effect that the money and mortgages turned over to her upon the sale of the farms mentioned represented, in addition to the homestead, the original and natural increase of the capital furnished by her when the parties married. This was based upon her testimony that her father gave them $800 at that time, of which a small portion was used to make a first payment upon 80 acres of school land purchased in her husband's name and the balance for machinery and stock to farm it. The evidence was not such as to compel the finding requested.

The main argument for a reversal is this: The 80 acres of the 120-acre farm constituting the homestead was shown to be of the value of $16,000. Rasmus Peterson could pay off the $12,000 mortgage and dispose of the homestead and its proceeds as he pleased and no creditor could complain. Morrison v. Abbott, 27 Minn. 116, 6 N. W. 455; Blake v. Boisjoli, 51 Minn. 296, 53 N. W. 637; Keith v. Albrecht, 89 Minn. 247, 94 N. W. 677, 99 Am. St. 566; Schroeder v. Gohde, 123 Minn. 459, 144 N. W. 152, 6 A. L. R. 571. But the difficulty with the argument and the application of the law of the cases cited to the one at bar is that the mortgage on the homestead was not paid. The sale was subject to the mortgage. So that the proceeds of the homestead, including the 40 acres adjacent, were only $7,800, being the $2,300 mortgage and $5,500 cash. Not only did she receive this, but her husband gave her the additional sum of $2,500 cash and the $6,900 note and mortgage taken in the sale of the 160-acre farm. These were not the proceeds of the homestead, and more than suffice to pay in full plaintiff's judgment. True, appellant Nettie testified that she refused to sign the deeds to the farms until her husband agreed to pay her $16,000 for her homestead right. The husband was also a witness, but no question was asked

him relative to any such agreement. The court was not required to find that it was made, and in the absence of such finding it is clear that the $17,200 of cash and mortgages, turned over by her husband to appellant Nettie when his farms and personal property were sold, cannot all be traced to the proceeds of the homestead; but, give appellant Nettie the benefit of all doubt and excluding every dollar derived from the homestead, there was more than enough to pay plaintiff's judgment out of that which her husband turned over to her when the attempt was made, as found by the court, to hinder and delay the husband's creditors.

The appeal is a joint appeal and the assignments of error are joint. Strictly speaking such joint assignments of error do not reach the rulings on the trial nor the separate motion of Nettie for amended findings, for in these there could be no error as to Rasmus who did not answer and was in default. The only proper questions before us are: Does the evidence sustain the findings and do the latter justify the conclusions of law? As above said, we think the questions should receive affirmative answers. This judgment, perhaps, goes too far in including the mortgage of $2,300, but no assignment of error is directed to the point, and it seems immaterial, since there is more than enough in the other mortgage and cash received to satisfy plaintiff's judgment against the husband.

Judgment affirmed.