## J. R. KLASEUS v. ALBERT H. MEESTER AND OTHERS.[1]

### February 3, 1928.

### No. 26,312.

**Conveyances by husband and father to wife and daughters were not made with intent to defraud.**

[1] The findings are supported to the effect that conveyances of certain lands by the husband to wife and daughters, though leaving him insolvent, were made in good faith, for full and adequate considerations, and not with the intent to defraud the creditors of the husband. Lack of evidence to sustain a finding which does not prejudice appellant will not reverse a decision.

**Expert's qualification to express opinion on value.**

[2] Whether an expert on value is qualified to express an opinion is largely within the discretion of the trial court, and no error is disclosed in that respect.

Appeal and Error, 4 C. J. p. 814 n. 63; p. 1056 n. 79.
Fraudulent Conveyances, 27 C. J. p. 828 n. 12.

[1]Reported in 217 N. W. 593.

Plaintiff as trustee in bankruptcy of defendant Albert H. Meester appealed from an order of the district court for Nobles county, Nelson, J. denying his motion for a new trial. Affirmed.

*John F. Flynn* and *Arnold W. Brecht,* for appellant.

*Canfield & Michael,* for respondents.

HOLT, J.

Action to set aside fraudulent conveyances made by the defendant husband and father to the defendants wife and daughters. Findings were made in favor of all the defendants, and plaintiff appeals from the order denying a new trial.

[1] In March, 1925, defendant Albert H. Meester, through an intermediary, conveyed 560 acres of land in Rock county to his wife and 560 acres in Murray county to his three daughters. The court found that the consideration for the conveyance to the wife was various sums of money loaned to the husband shortly after their marriage in 1920, aggregating $14,582; that the husband agreed to pay her interest at five per cent; that no part of interest or principal had ever been paid; and that such transfer was made in good faith, for a full and adequate consideration, and without fraudulent intent on the part either of husband or wife. The court found the land then did not exceed in value $100 per acre and that, after deducting the mortgages thereon, the value of the husband's equity therein was $11,500. In respect to the conveyance of the Murray county lands the court found like facts as to good faith of grantor and grantees, absence of fraudulent intent on the part of either, that the consideration was $2,633 and interest, the amount each child inherited from the grandfather who died in 1916. When the inheritance was available the father collected the same. The two daughters who were of age loaned their shares to the father. He caused himself to be appointed guardian for the daughter who was a minor, and when she became of age she also loaned her share to him. The court found that the moneys so loaned constituted a full and adequate consideration for the land which was then of the value of $23,800 with mortgages thereon of $12,000, the grantor's equity being $11,800. If interest were paid for the whole time that

the father had the use of the money, the value of his equity was not sufficient to satisfy the debt.

Through an error in the complaint the value of the husband's equity in the land conveyed to the wife should be increased by $9,000 making it $20,500. But even so, the interest for nearly five years of the debt due the wife would be so near the full value of the equity that no proper complaint could be made of the fairness and adequacy of the consideration. The conveyances rendered Albert H. Meester insolvent. Some nine months later he was adjudicated a bankrupt. Plaintiff as trustee in the bankruptcy proceeding brings this action, there being one claim of something over $14,000 allowed as damages for the breach of a contract to buy a tract of land, the contract antedating the conveyances involved.

The findings of fact are severally attacked as unsupported. It will not be necessary to discuss them seriatim. Those only which to us appear decisive will be noted here. The others have not been overlooked. The findings as to the value of the lands are attacked as contrary to the evidence. The learned trial court has been a resident of the territory where these lands are located for a great many years, well acquainted with both the land boom and its collapse, and able to judge of the ability and integrity of the expert witnesses who took the stand to give opinions as to the value. A reading of the testimony convinces us that the findings on values are amply supported.

We may also say that no other findings could be made upon this record than the ones which find that Albert H. Meester received the sums stated from his wife and daughters and never repaid either principal or interest except by the making of the deeds in question. There is room for argument on the question whether he received his wife's money as a gift or as a loan. The testimony of both indicates neither disposition nor ability to color facts in their favor. And certainly their attorneys cannot be accused of any attempt to school them as to how to establish a defense.

The discussion at present will be confined to the land conveyed to the wife, for if the findings as to fair consideration, good faith, and absence of intent to defraud the husband's creditors are sus-

tained there can be no assault upon the conveyance to the daughters. For, as to the former conveyance, the law raises presumptions against the grantee wife not available against the daughters. 3 Dunnell, Minn. Dig. (2 ed.) § 3859. It has already been stated that the evidence is virtually conclusive that $14,582 belonging to the wife came into the husband's hands shortly after they were married in 1920. The only question is whether as between the parties it was a loan or a gift. The wife did not know or inquire as to the use he made of it, never got nor asked for either principal or interest, until shortly before the deed was received, at which time, she, knowing that he had sustained losses in deals in this and other states, asked him to see to it that her money was not lost; that he promised to so do; and that thereafter the conveyances placing the title to the Rock county land in her were made, the taxes paid, and the deeds recorded. This apparently satisfied her, as she reposed entire confidence in him. After this was done, she admits that he attended to the collection of the rents, deposited it in her name, but had her authority to draw checks thereon, which he did, and paid interest and taxes. In fact he handled matters for her as he had handled them prior to the conveyance. This might sustain a finding of a gift but does not compel one.

The testimony shows that she expected the return of her money, and demanded that it be secured before the statute of limitation had run. And as to its being a loan and not a gift, she testified: "He said he would give me interest." He testified thus: Q. "Now, after you had been married a little while, did you receive any property from your wife?" A. "Yes." Q. "What?" A. "She turned those notes to me to collect them and keep the money." Q. "Well, turned them over to you—do you mean she gave them outright to you?" A. "No, no. That I could look after it, and use the money and pay her interest." Q. "You borrowed them of her then?" A. "Yes."

That the court found it was agreed that the interest should be five per cent without any evidence to that effect should not disturb the decision, for the testimony that interest should be paid would

result in six per cent—the rate fixed by the statute (G. S. 1923, § 7036).

We are convinced that the court was justified in finding that the amount of the husband's debt to the wife was a fair and adequate consideration for the conveyance to her. The court also found that she accepted the conveyance in full payment and cancelation of the indebtedness. There is no direct evidence to that effect. It is more in the nature of a conclusion based on the fact that she made no objection when the deed was presented to her. She asked to have her money secured, and was apparently satisfied when it took the form of a conveyance of the land to her, so that the trial court could well draw the conclusion embodied in the finding above mentioned which the appeal assails.

The law in respect to presumptions and burden of proof in actions to set aside conveyances, claimed to have been made with intent to defraud creditors, is so clearly stated in Thompson v. Schiek, 171 Minn. 284, 213 N. W. 911, and the cases therein referred to, that there is no need of any attempt at a further statement. Appellant largely relies upon the case. But its facts are quite different, and so were the findings that the transfer was without consideration and for the purpose of defrauding the grantor's creditors. There, if money had been turned over to the husband it was of so many years' standing that doubt was thrown upon the entire claim of its being a loan. Another case which appellant deems favorable to him is Olson v. Peterson, 152 Minn. 234, 188 N. W. 258; but here again the findings were in favor of the creditor, who attacked the transaction as fraudulent. In the case of Churchill & Alden Co. v. Ramsey, 45 S. D. 454, 188 N. W. 742, the findings were also against the validity of the conveyance. In Buhl v. McDowell (S. D.) 216 N. W. 346, the decision against the creditor was reversed on the ground that the finding that the transfer was "for a good and valuable consideration" did not support a conveyance which rendered the grantor insolvent, but that under such circumstances there must be a finding of a "fair consideration" which means one not disproportionate to the value of the property within the provision of § 4 of the uniform fraudulent conveyance act (G. S. 1923, § 8478),

and that the burden was on the spouse to prove a "fair consideration." In the case at bar the finding was "a full and adequate consideration," the equivalent at least of a "fair consideration." And an antecedent debt, "in amount not disproportionately small as compared with the value of the property * * * obtained" constitutes a "fair consideration," within the meaning of § 3 of the act (G. S. 1923, § 8477). We are of the opinion that all the vital findings of fact are so substantially supported by the record that this court cannot reverse as to any one.

[2] There is error assigned that certain witnesses were allowed to testify as to values without first qualifying as experts and without laying sufficient foundation. This rests so largely in the discretion of the trial court that this court should not interfere except in a clear case of abuse. We find no instance wherein the rulings of the learned trial court could in the respect mentioned be complained of by either party here. The court in the nature of things could not draw the line strictly as to values of farm lands during a time of depression, when actual sales are rarely made.

The order is affirmed.