(No. 5159. July 22, 1929.)

ALBERT ALBRETHSEN, Respondent, v. AARON CLE-
MENTS, Sheriff of Blaine County, and PICABO
STATE BANK, a Corporation, Appellants.

[279 Pac. 1097.]

Sullivan, Sullivan & Van Winkle, for Appellants.

J. G. Hedrick, for Respondent.

WM. E. LEE, J.—Martin Albrethsen, being the owner of certain real property in Blaine county, in 1921, mortgaged it to his brother Albert, the respondent; and in the spring of 1924 made and delivered to the Picabo State Bank, one of the appellants, to secure an indebtedness to it, a chattel mortgage on certain specific personal property, including his interest in crops to be thereafter grown on the mortgaged land. The crop raised in 1924 did not satisfy the debt. In the fall of 1924, respondent commenced his suit to foreclose the real mortgage and such proceedings were had that he purchased the real property at foreclosure sale and received the sheriff's certificate of sale dated February 14, 1925. Early in 1925 Martin quit the "Home Place," and respondent rented it to Adolph, the son of Martin, for one-third of the crop. Just as soon as the 1925 crop was harvested the bank proceeded to foreclose its 1924 mortgage on

one-third thereof. The identical share was claimed by respondent, but was sold by the sheriff to the bank. In defense of the action in claim and delivery, the bank denied the respondent's allegations, set up the chattel mortgage and the sale of the crop under foreclosure, alleging that the subject of the action belonged to Martin, the mortgagor. On conflicting but sufficient evidence, the court found that respondent "was the owner of and entitled to the possession of the" crop, which "the said defendants wrongfully and unlawfully sold and converted . . . . to their own use and benefit. . . . . " From a judgment for plaintiff, the defendants appeal.

 Before the 1925 crop was sown or grown, the legal title to the land had passed to respondent (*Syster v. Hazzard*, 39 Ida. 580, 229 Pac. 1110), but there remained to the judgment debtor the right to possession as well as the statutory right to redeem. (*Steinour v. Oakley State Bank*, 45 Ida. 472, 262 Pac. 1052.) In this situation, Martin, the judgment debtor, simply gave up possession of the place, and it was thereafter held by respondent, through his tenant. It was while the land was occupied and possessed by respondent and his tenant that the crop was grown and harvested. The court was, therefore, justified in holding that Martin had no interest in the crop, and that it belonged to respondent and his tenant and that they were entitled to its possession.

"We approve the rule that *fructus industriales* belong to one who, while in possession of the land, has raised them and severed them from the land itself, though it turns out that his possession was without right as against the true owner of the land." (*Fritcher v. Kelley*, 34 Ida. 468, 201 Pac. 1037.)

 The contention that, under C. S., sec. 7974, it was error to admit evidence of a "verbal surrender" of the possession of the real property to respondent is, under the circumstances of this case, without merit. That provision has no application. Neither title to real property nor a right to the possession thereof was involved in the action. The fact of the

possession or occupancy of land may be established like any other fact; and an instrument in writing is not necessary therefor. (*Linde v. Gaffke,* 81 Minn. 304, 84 N. W. 41.)

It is insisted that, since the one-third share had not been delivered to respondent he was not entitled to its possession. The crop had been harvested. It is true that respondent's share was never delivered to him. However, the crop was divided, and the bank took the share belonging to him. Both the bank and respondent claimed the identical property. The bank alleged that, under the foreclosure of its mortgage, the sheriff sold and it purchased a given number of bushels of wheat and oats and tons of hay, the property of Martin Albrethsen, and the sheriff gave the bank a bill of sale therefor. This was the property the court found to belong to respondent. Under the facts, we are of the opinion that respondent had such an interest in the one-third share of the crop sold by the sheriff and purchased by the bank as to maintain the action. (*Devereaux Mortgage Co. v. Walker,* 46 Ida. 431, 268 Pac. 37.)

As to the crop in question, there was nothing on which the chattel mortgage could operate when it was made. The lien of a chattel mortgage does not attach until the crops, afterwards sown, or caused to be sown, by the mortgagor, come into existence; and the lien of such a mortgage does not attach to crops sown by others on the identical land, except in so far as the mortgagor has or retains an interest in them. (C. S., sec. 6373; *Devereaux Mortgage Co. v. Walker, supra; Isbell v. Slette,* 52 Mont. 156, 155 Pac. 503; *Third Nat. Bank v. Kniffen,* 143 Wash. 434, 255 Pac. 378; *First Nat. Bank v. Brashear,* 200 Cal. 389, 253 Pac. 143.) According to the evidence on which the trial court relied, the mortgagor failed to sow, or cause to be sown, any crops on the land for the year in question, and had and retained no interest in the crop that was produced. Under these circumstances, the bank had no lien on the crop, and the foreclosure of its mortgage constituted a conversion of the property.

Other objections have been examined and found to be without merit.

The judgment is affirmed.

Costs to respondent.

Budge, C. J., and Givens, T. Bailey Lee and Varian, JJ., concur.

Petition for rehearing denied.