## TERESA E. GRAN v. CITY OF ST. PAUL, BOARD OF EDUCATION.

143 N. W. (2d) 246.

May 27, 1966—No. 40,005.

*Stephen L. Maxwell,* Corporation Counsel, and *Donald C. Hanson,* Assistant Corporation Counsel, for relator.

*Theodore J. Collins* and *Maun, Hazel, Green, Hayes, Simon & Aretz,* for respondent.

SHERAN, JUSTICE.

Certiorari to review an order of the Industrial Commission denying employer's application to reinstate and set for hearing the claim petition of employee's widow.

The employee, John M. Gran, died on April 16, 1963. He was then employed as assistant superintendent of the public schools of the city of St. Paul. The cause of death was coronary thrombosis. A petition for

compensation was filed on the theory that the death was employment-related.

On August 25, 1964, the employer's assistant corporation counsel submitted to the Industrial Commission a stipulation for settlement of the claim executed in behalf of the parties by their attorneys. This stipulation embodied a compromise whereby the employer agreed to pay to Mrs. Gran a lump sum of $12,000 and an additional amount for funeral and medical expenses. It contained a provision which has generated the present controversy, reading as follows:

"It is specifically agreed and understood as well as stipulated herein that the proposed stipulation of settlement is subject to the approval of the Industrial Commission, the Board of Education of the City of Saint Paul, and the Council of the City of Saint Paul."

Although the stipulation submitted to the commission requested its approval of the settlement, neither the Board of Education nor the Council of the city of St. Paul had as of that time given the approval contemplated by the quoted clause of the stipulation.

The significant events that followed occurred in this order:

(a) On September 9, 1964, the Industrial Commission ordered an award in favor of Teresa E. Gran according to the terms of the stipulation.

(b) On October 6, 1964, the Board of Education adopted a resolution stating that it "hereby ratifies and approves that certain Stipulation and Petition for settlement pertaining to the claim of Teresa E. Gran" and that the proper city officers are authorized to make payments pursuant to the award of the Industrial Commission.

(c) On February 26, 1965, the Council of the city of St. Paul adopted a resolution stating that it "hereby ratifies and approves the terms and conditions [of] that certain Stipulation and Petition for Settlement pertaining to the claim of Teresa E. Gran" and that the proper city officers are authorized to make payment pursuant to the award of the Industrial Commission.

(d) On March 5, 1965, the Council of the city of St. Paul rescinded the resolution of February 26, 1965.

(e) On March 15, 1965, the Board of Education and the Council filed with the Industrial Commission an application to set the case for hearing alleging that there was no valid settlement because the award was made before the stipulation had been approved by the Board of Education and Council and the subsequent approval by the Council was rescinded before the stipulation was resubmitted to the commission.

The order of the Industrial Commission denying this application was based upon the reasoning that the employer became contractually obligated to pay the award when it submitted the proposed stipulation, subject only to a condition that the Board of Education and the Council approve the stipulation. Once that approval had been given, the employer's obligation became absolute and could not be rescinded unilaterally. The commission also noted that if the employer's application were to be treated as a motion to vacate the award such relief would be denied because no cause had been shown to require the commission to exercise its discretion in that regard.

The employer contends that the settlement is not binding because the award was premature in that the proposed stipulation upon which it was based was at that time merely tentative, conditional, and unauthorized, and that the subsequent approval could not retroactively cure the defect in the award and was rescinded before another award could be ordered on it.

■ The reviewability of this order is doubtful.[1] A limited review is permissible if we consider the order of the Industrial Commission as one which in effect denied a motion to vacate its prior award.[2] So considered, affirmance would follow for failure on the part of the employer to show adequate cause justifying the vacation.

■ Employer contends that certiorari is available to it because the Industrial Commission did not have jurisdiction to enter an award based on a stipulation which was subject to the employer's approval until that

[1] See, Gartner v. Hogstad Fish Co. 231 Minn. 419, 43 N. W. (2d) 798; Brix v. General Acc. & Assur. Corp. 254 Minn. 21, 93 N. W. (2d) 542.

[2] See, Minn. St. 176.461; Jones v. Flour City Ornamental Iron Works, 271 Minn. 42, 134 N. W. (2d) 586.

approval was first obtained. In our opinion the Industrial Commission did have jurisdiction to make the award which it made, subject to the contingency that the award would be effective when the stipulation was ratified by the Board of Education and Council of the city of St. Paul. The ratification became complete when on February 26, 1965, the St. Paul City Council adopted the resolution of ratification and authorized the proper city officers to make payment pursuant to the award. Having taken this action, the city of St. Paul was without power to defeat the settlement agreed upon by changing its corporate mind as it attempted to do on March 5, 1965, when the council purported to rescind the February 26 resolution. A stipulation with respect to the conduct of pending litigation cannot ordinarily be repudiated or withdrawn from by one party without the consent of the other, except by leave of the court for cause shown.[3]

Even an unauthorized compromise of an action by an attorney may be ratified, either impliedly or expressly, by the client, who is thereafter bound by it despite the initial defect.[4]

The employer contends, however, that in this case there has been no ratification because (a) its counsel assumed no authority to act in its behalf, and (b) the subsequent approval was made without knowledge of all material facts.

It is true that ratification cannot result unless the person acting purported to do so for the one said to be the ratifier. Thus, in Mitchell v. Minnesota Fire Assn. 48 Minn. 278, 51 N. W. 608, cited as controlling by employer, the court held that an insurer was not bound by a ratification of a compromise entered into with the insured by an independent adjuster who had no connection whatsoever with the insurer since a

---

[3] See, 83 C. J. S., Stipulations, § 30; 50 Am. Jur., Stipulations, § 11; National Council of K. & L. of S. v. Scheiber, 141 Minn. 41, 169 N. W. 272; Burnett v. Poage, 239 Iowa 31, 29 N. W. (2d) 431.

[4] Numerous cases are collected in Annotations, 66 A. L. R. 130 and 30 A. L. R. (2d) 955. In addition, see Palm Beach Royal Hotel, Inc. v. Breese (Fla. App.) 154 So. (2d) 698; Brumberg v. Chunghai Chan, 25 Misc. (2d) 312, 204 N. Y. S. (2d) 315; Yahola Sand & Gravel Co. v. Marx (Okla.) 358 P. (2d) 366.

ratification is effectual only when an act is done by a person professedly acting as the agent of the party sought to be charged as principal.

But, in the case before us, it is clear that the assistant corporation counsel was acting in behalf of the employer when he submitted the stipulation. The fact that counsel did not have authority to bind the employer for which he purported to act and did not represent that he had such authority does not deprive the employer of the power to ratify or relieve it from an obligation once ratified. Restatement, Agency (2d) § 85, comment *e,* expresses the principle in this way:

"Purporting to act on account of another does not necessarily mean that the agent represents to the third person that the principal has authorized him to act on his account in the transaction. A person purports to act on account of another if he undertakes to act on his behalf and to make the other a party to the transaction, although the person acting may also manifest to the third person that he does not know whether or not he is authorized, or even that he is not authorized."

The employer's claim that the ratification is not binding because of lack of knowledge of all material facts does not persuade us. There is nothing in the record to support the claim that the members of the City Council who approved the settlement on February 26, 1965, did so because of a justifiable belief that the Industrial Commission had the power to direct and had directed it to give such approval. Such a mistake of law would not be a reasonable one. We see no basis for misunderstanding as to this phase of the matter.

We conclude that the Industrial Commission was empowered to make its award; that the award was ratified by the city of St. Paul; that the purported rescission of the city's approval was of no effect; and that the order of the Industrial Commission here for review should be affirmed.

The respondent is allowed $250 as attorney's fees in this court. The respondent's application for imposition of penalty for delayed payment is denied.

Affirmed.