KAREN GHOSTLEY v. EDWIN H. HETLAND, d.b.a. INSTITUTE OF MEDICAL TECHNIQUE.

204 N. W. 2d 821.

February 23, 1973—No. 43631.

*Stalland & Hauge* and *Paul H. Hauge,* for appellant.

*Fredrikson, Byron, Colborn, Bisbee, Hansen & Perlman,* and *S. Charles Sorenson, Jr.,* for respondent.

PER CURIAM.

Plaintiff, Karen Ghostley, who had been a student at the Institute of Medical Technique, owned and operated by defendant, Edwin Hetland, initiated an action to recover damages from defendant based upon allegations that she had been induced to enroll as a student by the misrepresentation of defendant as to the quality and value of the education, one element of the alleged damages being the $1,650 she paid to defendant for tuition and

incidental fees. The judgment is based upon a disputed settlement agreement under which plaintiff's action was to be dismissed and defendant was to pay plaintiff $1,600. The issues raised by defendant on this appeal are (1) whether the evidence supports the trial court's finding that a binding settlement agreement was in fact made, and (2) whether the form of the settlement agreement violated Minn. St. 481.08. Our disposition of these issues is dispositive of defendant's claim that the trial court abused its discretion in denying his motion to reinstate plaintiff's action on the calendar for trial by jury.

1. The relevant evidence, submitted by affidavits of the parties' counsel and defendant Hetland, is uncontroverted. Prior to trial, defendant had offered to settle the action for $1,500. On the day of trial, a mistrial was declared. Shortly after plaintiff's attorney returned to his office from court, he received a telephone call from defendant's attorney and was advised that defendant was present with him and was increasing his settlement offer to $1,600.[1] During the following week, defendant's attorney requested that plaintiff's attorney draft and submit a release and stipulation of dismissal. Plaintiff's attorney complied with this request. Later, however, defendant's attorney notified plaintiff's attorney that defendant had indicated that he would not accept the terms of the settlement.[2]

---

[1] After declaring the mistrial, the court had reset the case for trial the next day. Because of the settlement that morning, plaintiff's attorney notified the trial court and numerous witnesses that the case had been settled. The jury was discharged and the case stricken from the trial calendar.

[2] Defendant's attorney stated, in his own affidavit, that defendant had informed him that because of the possible pendency of cases similar to that of plaintiff and for other reasons, defendant would not accept the terms of the settlement. Defendant by his own affidavit acknowledged knowing he had authorized his attorney to make a settlement offer but stated that, because of a hearing loss, he understood the settlement offer tendered was in the amount of $600, not $1,600. Singular though defendant's stated unilateral mistake might appear, the court

We hold that the evidence sustains the court's finding and determination that the parties had made a binding agreement of settlement. It is clear—indeed, undisputed—that both parties authorized their attorneys to settle the litigation and that a good-faith settlement was made by the two attorneys. Defendant's assertion of his own misunderstanding of the terms of the settlement does not vitiate the authority granted. We perceive, in the circumstances of this case, no equitable basis for relieving defendant from enforcement of the agreement. Cf. Schoenfeld v. Buker, 262 Minn. 122, 114 N. W. 2d 560 (1962).

2. We hold, further, that the settlement agreement was not unenforceable for failure to comply with Minn. St. 481.08.[3] The statute provides a method for avoiding disputes as to settlement agreements, but it is not a condition to the validity of an otherwise provable agreement made by an attorney with the authorization of his client. As we said in Jallen v. Agre, 264 Minn. 369, 373, 119 N. W. 2d 739, 743 (1963):

"It is not essential to the enforcement of an agreement to settle a case that the agreement be in writing unless it is within the statute of frauds, but the terms of the settlement should normally be stated to the court and taken down by the reporter or otherwise reduced to writing so as to prevent a dispute as to what the terms of the settlement are."

Affirmed.

---

did not discredit the statement, sustaining the validity of the settlement on other grounds.

[3] Minn. St. 481.08 provides in part: "An attorney may bind his client, at any stage of an action or proceeding, by agreement made in open court or in the presence of the clerk, and entered in the minutes by such clerk, or made in writing and signed by such attorney."