A. Barry ROSENBERG, Appellant,

v.

TOWNSEND, ROSENBERG & YOUNG, INC., et al., Respondents.

No. C8–85–749.

Court of Appeals of Minnesota.

Nov. 5, 1985.

David L. Olson, St. Louis Park, for appellant.

Patrick J. Neaton, Minneapolis, for respondents.

Considered and decided by PARKER, P.J., and WOZNIAK and HUSPENI, JJ., with oral argument waived.

## OPINION

PARKER, Judge.

This is an appeal by A. Barry Rosenberg from a judgment confirming a settlement agreement entered into between the parties' attorneys in September 1983. Rosenberg alleges that the settlement was contingent upon his consent thereto and that such consent was never given. We affirm.

## FACTS

For several years, appellant A. Barry Rosenberg was an officer and shareholder of the respondent corporation, Townsend, Rosenberg and Young, Inc., an independent insurance agency. In July 1981, at a corporate meeting, Rosenberg's status as an officer and employee was terminated. Rosenberg subsequently opened his own independent insurance agency, and attempted to recover from the corporation the $33,333.33 which he believed his shares were worth. A settlement was reached, whereby the corporation agreed to pay Rosenberg $5,000 and to obtain a release of his personal guarantee of the corporation's indebtedness.

Rosenberg's attorney prepared the necessary settlement papers, but the corporation subsequently refused to sign the agreement, claiming that it had discovered Rosenberg had been "rolling" some of the corporation's policyholders on to his own insurance policies. Rosenberg commenced a lawsuit against the corporation in May 1983 for the $33,333.33, and served the corporation with several discovery requests. When faced with the prospect of substantial legal fees, the corporation again pursued settlement discussions.

On or about September 12, 1983, the attorneys for the parties discussed this matter on the telephone. It was agreed that the matter would be settled according to the previous arrangement; however, it is disputed whether Rosenberg's attorney conditioned the settlement upon obtaining his client's approval. The attorney for the corporation sent Rosenberg's attorney a follow-up letter the next day, which stated:

This letter is to confirm that we have reached an agreement to settle the above referenced matter in consideration of my clients paying your client $5,000.00.

In looking through the file, I believe that the mutual release and agreement that you prepared last year * * * and a stipulation of dismissal should take care of the paper work. If that is satisfactory with you, I will have those doc-

uments prepared accordingly, have my client execute them, and forward them to you with our check.

One week later the attorney for the corporation mailed Rosenberg's attorney the following letter:

> Enclosed herewith is an original and one copy of a proposed Settlement Agreement executed by my clients, and the Stipulation of Dismissal in the above entitled matter executed by myself, as well as the $5,000.00 Cashier's Check for the settlement, and a letter dated September 19, 1983 from Norwest Bank releasing Mr. Rosenberg's personal guaranty, and the guaranty itself.
>
> I am delivering the check and the letter from the bank and guaranty, to you upon the express condition that you obtain Mr. Rosenberg's signature to the Settlement Agreement, and provide me with the original, together with his stock certificate, endorsed in blank (or an affidavit of lost certificate, endorsed in blank).

No action was taken for a year and a half. The cashier's check was not negotiated and Rosenberg did not execute the settlement; however, he also expressed no dissatisfaction with the arrangement. In March 1985 the attorney for the corporation finally brought a motion to confirm the settlement agreement, to dismiss Rosenberg's pending action and to cancel Rosenberg's shares of stock. The corporation's attorney attached an affidavit and memorandum to his moving papers, claiming that the settlement agreement was binding and that Rosenberg should be estopped from denying he had agreed to the settlement terms.

Rosenberg's attorney opposed the motion, alleging that the settlement agreement had been tentative and subject to the approval of Rosenberg, and that such approval had never been obtained.

The trial court after reviewing the memoranda, affidavits and exhibits submitted, and after hearing oral argument by both attorneys, issued an order confirming the settlement, dismissing the complaint and counterclaim, and cancelling Rosenberg's stock in the corporation. The court did not issue any findings of fact which might have explained its decision, nor does the transcript reveal the court's intentions. Rosenberg has appealed from the judgment entered pursuant to the court's order.

## ISSUES

1. Does the record support a determination that Rosenberg's attorney had authority to enter into a settlement agreement upon his behalf?

2. Does the record support a determination that Rosenberg's actions constituted an implied acceptance of the settlement agreement?

3. Does the record support a determination that Rosenberg should be estopped from repudiating the settlement agreement?

## DISCUSSION

Because the trial court did not issue any findings of fact, it cannot be determined upon which basis it rendered its decision.[1] Several theories were presented to the trial court and have been raised in this appeal. We find that the trial court could properly have affirmed the settlement agreement upon any of three separate grounds.

### I

▮ Rosenberg argues that his attorney had no authority to enter into a settlement agreement on his behalf. Except in an emergency, an attorney has no authority to settle a case in the absence of his client's knowledge or consent. *Aetna Life and Casualty Co. v. Anderson*, 310 N.W.2d 91, 95 (Minn.1981). However, an attorney may settle a claim with the authorization of his client. *Burner Service and*

---

**1.** Findings of fact are not required on motions. Minn.R.Civ.P. 52.01; *Kelzenberg v. Kelzenberg,*

352 N.W.2d 845, 847 (Minn.Ct.App.1984).

*Combustion Controls Co., Inc. v. City of Minneapolis,* 250 N.W.2d 224, 229 (Minn. 1977). This authority, however, must be express; it has been stated that "an attorney has not by implication the right to compromise his client's cause of action." *Albert v. Edgewater Beach Building Corp.,* 218 Minn. 20, 25, 15 N.W.2d 460, 463 (1944), quoting from *Gibson v. Nelson,* 111 Minn. 183, 187, 126 N.W. 731, 733 (1910).

■ The following evidence in the record would support a determination by the trial court that Rosenberg's attorney had the authority to settle his claim:

    a) The letters by the corporation's attorney mailed in September 1983 which indicated that a settlement had been reached;

    b) The oral argument to the court by the corporation's attorney that he understood Rosenberg's attorney had the authority to settle the case;

    c) The fact that Rosenberg had previously agreed to settle the case for the same amount; and

    d) The absence of any action by Rosenberg for a year and a half repudiating the settlement.

## II

Our supreme court has indicated that even an unauthorized settlement of a client's claim by an attorney may be ratified, either impliedly or expressly, by a client, who is thereafter bound by the agreement. *Gran v. City of St. Paul,* 274 Minn. 220, 223, 143 N.W.2d 246, 249 (1966).

■ The settlement of a lawsuit is "contractual in nature," *Jallen v. Agre,* 264 Minn. 369, 373, 119 N.W.2d 739, 743 (1963); therefore, before a settlement is reached there must first be an offer and acceptance, resulting in a meeting of the parties' minds. *Id.*

■ An acceptance has been defined as "a manifestation of assent when evaluated under an objective standard." *Holman Erection Co. v. Orville E. Madsen & Sons, Inc.,* 330 N.W.2d 693, 695 (Minn.1983). Conduct, as well as verbal expression, may

at times constitute acceptance, and silence may be acceptance where there is a duty otherwise to deny. *Holt v. Swenson,* 252 Minn. 510, 516, 90 N.W.2d 724, 728 (1958).

■ Regarding implied acceptance, one commentator has stated:

    An offer of compromise may be accepted expressly, or there may be an implied acceptance. Thus, where an obligor tenders a check as an offer of compromise, and the obligee retains it for an unreasonable length of time without indicating his refusal to accept it as an offer of compromise, his retention of the check constitutes an acceptance of the offer even if he does not cash the check or derive any benefit from it.

15A Am.Jur.2d, *Compromise and Settlement,* § 8 (citations omitted). Several courts have adopted this reasoning. *See Anno,* 13 A.L.R.2d 736, *Creditors Retention of Check Without Cashing or Negotiating It as Acceptance in Payment or Settlement of an Unliquidated or Disputed Claim.* In this instance, where Rosenberg or his attorney retained the check for eighteen months without notifying the corporation that it would not be accepted as payment in full, the court could properly have concluded that Rosenberg had impliedly accepted the offer of settlement.

## III

Many of the same facts which support a finding of implied acceptance would also support the court's confirmation of the settlement agreement upon grounds of equitable estoppel.

■ Equitable estoppel is a doctrine which has been designed to prevent a party from unfairly benefitting from his own actions. *Bethesda Lutheran Church v. Twin City Construction Co.,* 356 N.W.2d 344, 349 (Minn.Ct.App.1984). "To invoke this doctrine, [a party] must show that [another party] made representations or inducements upon which [the first pary] reasonably relied that will cause [the first party] harm if estoppel is not applied. *Id.*

When the attorney for the corporation mailed Rosenberg the settlement papers, it was expected that Rosenberg would sign them. In the absence of any response by Rosenberg disputing the terms of the settlement, the trial court could properly find that this expectation and reliance was reasonable. This situation is analogous to *Albert v. Edgewater Beach Building Corp.*, 218 Minn. at 25, 15 N.W.2d at 463., where a party was effectively estopped from asserting that a stipulation was unauthorized after taking advantage of a 60-day stay provided for therein.

## DECISION

Whether an attorney has been given express authority to settle a claim is a question of fact to be resolved by the trial court. Similarly, whether a settlement has been reached and whether equitable estoppel should be applied are questions of fact for the trial court. The trial court could properly have concluded that a settlement was reached by the attorneys and by the parties upon a theory of implied acceptance or upon grounds of equitable estoppel.

Affirmed.