David SCHUMANN, et al., Appellants,

v.

**NORTHTOWN INSURANCE AGENCY, INC. d/b/a Northtown Insurance Agency, et al., Respondents.**

No. C3–89–1574.

Court of Appeals of Minnesota.

March 13, 1990.

Emmett D. Dowdal, White Bear Lake, for appellants.

David L. Hashmall, Deborah A. Dyson, Popham, Haik, Schnobrich & Kaufman, Ltd., Minneapolis, for respondents.

Considered and decided by WOZNIAK, C.J., and KALITOWSKI and KLAPHAKE, JJ.

## OPINION

WOZNIAK, Chief Judge.

David and Carol Schumann appeal from summary judgment dismissing their claims against their insurance agent and his agency for failure to obtain adequate coverage for their property. The Schumanns con-

tend the trial court erred in concluding a settlement was authorized and accepted. We affirm.

## FACTS

In February 1988, a fire destroyed David and Carol Schumann's garage and its contents. The Schumanns commenced this action against respondents, Edward Brown, their insurance agent, and the Northtown Insurance Agency, Inc., alleging Brown failed to properly obtain coverage for their property.

Brown had made application with Austin Mutual Insurance Company and did obtain limited coverage for the Schumanns. After the fire, however, the carrier denied coverage because the Schumanns' application contained false information with regard to the automobile repair business the Schumanns conducted out of their garage.

During and following the taking of depositions, a number of communications regarding settlement ensued between the parties' attorneys. Presumably because the Schumanns' attorney wrote to respondents' counsel soliciting settlement proposals from respondents, respondents' counsel telephoned the attorney on February 9 and offered to settle the matter for $2,500. Respondents' counsel subsequently confirmed his offer in a letter dated February 10, 1989.

By letter dated February 17, 1989, the Schumanns' attorney advised respondents' counsel that the Schumanns had accepted the $2,500 offer. The letter stated:

I have been in contact with my clients David and Carol Schumann regarding your offer of $2,500.00 for the full and complete settlement of the above-referenced matter. Please be advised that the Schumanns have authorized me to accept your offer.

A copy of this letter was provided to the Schumanns. On May 12, 1989, however, respondents' counsel was advised that the Schumanns had replaced their attorney. The Schumanns' new attorney indicated that the $2,500 offer was unacceptable.

Subsequently, respondents moved the trial court to enforce the settlement agreement. The trial court ordered that the Schumanns' action be dismissed pursuant to the settlement agreement of February 17, 1989. Judgment of dismissal was entered and this appeal followed.

## ISSUE

Did the trial court err in finding, as a matter of law, that a binding settlement agreement existed between the parties?

## ANALYSIS

The Schumanns argue that the trial court erred in dismissing their action pursuant to the February 17, 1989 settlement agreement because their attorney lacked authority to settle the case.

The settling of lawsuits without trial is greatly favored and such settlements will not be set aside lightly by the courts. *Johnson v. St. Paul Insurance Companies*, 305 N.W.2d 571, 573 (Minn.1981); *Beach v. Anderson*, 417 N.W.2d 709, 711–12 (Minn.Ct.App.1988), *pet. for rev. denied* (Minn. Mar. 23, 1988). On appeal from the dismissal of an action pursuant to a settlement agreement, this court must determine "whether there are any material issues of fact and whether the trial court erred as a matter of law." *Austin Farm Center v. Austin Grain Co.*, 418 N.W.2d 181, 184 (Minn.Ct.App.1988).

■ The authority of an attorney to settle lawsuits for his or her client is set forth in Minn.Stat. § 481.08:

An attorney may bind a client, at any stage of an action or proceeding, by agreement * * * made in writing and signed by such attorney.

Minn.Stat. § 481.08 (1988). This section provides a means of avoiding disputes as to the terms of a settlement. However, a written agreement is not a prerequisite to the enforcement of a settlement. *Jallen v. Agre*, 264 Minn. 369, 373, 119 N.W.2d 739, 743 (1963), *quoted in Ghostley v. Hetland*, 295 Minn. 376, 378, 204 N.W.2d 821, 823 (1973). Whether a settlement agreement is in writing or not, the attorneys compromis-

ing a claim must have authority to settle in order to bind their clients. *Skalbeck v. Agristor Leasing*, 384 N.W.2d 209, 212–13 (Minn.Ct.App.1986).

Generally, an attorney has no authority to settle in the absence of his client's knowledge or consent. *Aetna Life & Casualty Co. v. Anderson*, 310 N.W.2d 91, 95 (Minn.1981). It has long been established that:

> The rules and principles of the law of principal and agent control the relation of attorney and client * * *, and though the authority of the attorney may in many respects exceed that of an ordinary agent, yet his employment to conduct litigation ought not, as a matter of legal inference, wholly to divest the client of the control of his case. The attorney's authority * * * does not necessarily include the right to compromise the suit, and there is no reason why it should. It is not a usual, necessary, or ordinary step in the action, but rather one of an opposite nature, a surrendering of the right to further proceed with the action; and before this step is taken, the client should not only be consulted, but his express authority received.

*Gibson v. Nelson*, 111 Minn. 183, 188, 126 N.W. 731, 733–34 (1910) (citations omitted).

■ Pursuant to Minn.Stat. § 481.08, a client is bound by the attorney's act once the attorney has made an agreement in writing and signed by such attorney, regardless of any showing of authority. *Austin Farm*, 418 N.W.2d at 184. This is not to say, however, that an attorney compromising a claim in writing need not have authority to settle, but rather only that the attorney need not demonstrate the existence of such authority. *Skalbeck*, 384 N.W.2d at 212–13.

■ Ordinarily, the authority given an attorney to settle a client's claim must be expressed and may not be implied. Our supreme court has made it clear that, absent an emergency, an attorney's right to compromise his client's cause of action may not be implied. *Albert v. Edgewater Beach Building Corp.*, 218 Minn. 20, 25, 15 N.W.2d 460, 463 (1944); *Matteson v. Blaisdell*, 148 Minn. 352, 355, 182 N.W. 442, 443 (1921).

■ However, conduct, as well as verbal expression, may at times constitute acceptance, and silence may be acceptance where there is a duty to deny. *See Holt v. Swenson*, 252 Minn. 510, 516, 90 N.W.2d 724, 728 (1958). In the absence of express authority, oral settlements are binding under three theories: (1) ratification; (2) estoppel; and (3) implied acceptance. *Austin Farm*, 418 N.W.2d at 185–86.

In *Gran v. City of St. Paul*, 274 Minn. 220, 223, 143 N.W.2d 246, 249 (1966), the supreme court enforced a compromise between parties, noting that an unauthorized settlement of a claim by an attorney may be ratified, either expressly or impliedly, by a client.

In *Rosenberg v. Townsend, Rosenberg & Young*, 376 N.W.2d 434 (Minn.Ct.App. 1985), we focused on the conduct of the parties in holding that a party was equitably estopped from denying the validity of a settlement. There, the opponent's attorney mailed settlement papers with the expectation that the party would sign them, and the absence of a response by the party disputing the terms of the settlement operated to bind the party. *Id.* at 437–38.

In *Austin Farm*, we recently held that a client was bound to the oral settlement made by its attorney even though the attorney lacked express authority to settle the case, where the agreement was impliedly accepted or ratified. 418 N.W.2d at 186.

■ In this case, it is undisputed that the Schumanns' attorney sent a letter purporting to accept respondents' settlement proposal, with a copy to his clients. The letter indicated that the attorney had been in contact with his clients and that they had authorized him to accept the offer. The Schumanns made no attempt to repudiate the acceptance. We agree with the trial court that the Schumanns are bound by their attorney's agreement, as a matter of law.

In a summary judgment proceeding, a party may not rest on averments or mere denial of an adversary's pleadings, but

rather must "present specific facts showing that there is a genuine issue for trial." Minn.R.Civ.P. 56.05. *See Ford Motor Credit Co. v. BJL Corp.*, 411 N.W.2d 605, 608 (Minn.Ct.App.1987). The Schumanns presented no material evidence to indicate that their attorney lacked authority to accept the settlement offer. They allege merely that they erred in agreeing to the settlement and misunderstood the effect of their agreement. In his affidavit, David Schumann stated:

> [I am] not under the understanding $2,500 would settle the entire case and if this was conveyed to [counsel] it was an error in that [I] felt and was of that opinion until such time as documents were signed, there was not an agreement of the parties.

The Schumanns have not shown that summary judgment was inappropriate. Even if the settlement entered into by the parties' attorneys had not been in writing, the agreement would nevertheless have been binding on the Schumanns without evidence of express authority to settle. The trial court could have concluded that the Schumanns impliedly agreed to the settlement because they did not promptly reject it. *Skalbeck*, 384 N.W.2d at 213.

 Although the record does not indicate whether the Schumanns affirmatively accepted the settlement, they waited over three months after their attorney's acceptance before their new attorney indicated that the settlement offer was unacceptable. As in *Rosenberg*, respondents' counsel had forwarded release documents to the Schumanns, expecting them to be signed. Respondents' counsel relied upon the settlement agreement and stopped preparing for trial. The Schumanns are estopped from repudiating their former attorney's written settlement agreement. *See also Skalbeck*, 384 N.W.2d at 213–14. A party who voluntarily enters into a settlement agreement cannot avoid the agreement upon determining after consultation with replacement counsel that the agreement has ultimately become disadvantageous or the settlement amount paltry. *See Worthy v. McKesson Corp.*, 756 F.2d 1370, 1373 (8th Cir.1985).

Finally, the Schumanns argue that the trial court erred in entering judgment because the settlement did not include all necessary parties. They maintain that the release of Brown also releases Austin Mutual, from which Brown secured coverage. *See Reedon of Faribault, Inc. v. Fidelity & Guaranty Insurance Underwriters, Inc.*, 418 N.W.2d 488, 491 (Minn.1988) (release of insurance agent on negligence claim for providing inadequate insurance releases insurer from vicarious liability for agent's torts). However, the effect of the settlement agreement was not at issue; the trial court ruled only that the agreement is binding upon the Schumanns.

## DECISION

The trial court correctly held that the Schumanns authorized their attorney to settle. The settlement agreement was enforceable and the trial court properly granted summary judgment.

Affirmed.