# AUGUST JOHNSON v. ROUCHLEAU-RAY IRON LAND COMPANY AND OTHERS.

## DEAN IRON COMPANY AND ANOTHER, APPELLANTS.[1]

### June 7, 1918.

### No. 20,688.

**Damages to real property.**

    1. To recover damages for injury to real property, resulting from negligence, the owner must wait until the injury or damage has actually happened.

**Same — speculative damages.**

    2. Damages, based upon apprehension of future injury to real property, by an act yet to happen, is too remote and speculative.

Action in the district court for St. Louis county to recover $4,000 damages for injury to real property. The facts are stated in the opinion. The case was tried before Cant, J., who denied defendants' motions for directed verdicts, and a jury which returned a verdict for $400. The motion of Dean Iron Mining Company and that of Arthur Iron Mining Company for judgment notwithstanding the verdict were denied, Dancer, J. From the judgment entered pursuant to the order for judgment, defendants appealed. Reversed.

*Abbott, MacPherran, Lewis & Gilbert* and *Baldwin, Baldwin & Holmes,* for appellants.

*Archer & Pickering,* for respondent.

QUINN, J.

Action to recover damages for injury to real property. Plaintiff recovered a verdict of $400 against the defendants Arthur Mining Company and Dean Iron Mining Company. From a judgment entered thereon this appeal was taken.

The village of Spina is situated on the Mesaba Range, which is one of the principal iron mining districts of northern Minnesota. A large part of the iron mining in this region is done by the system known as

[1]Reported in 168 N. W. 1.

140 M.—19.

open pit mining. This system necessitates a stripping of the earth and other material overlaying the ore and depositing the same in dump piles in convenient localities. The defendant Arthur Iron Mining Company held a mining lease upon the southeast quarter of the northeast quarter of section 15, township 58 north, range 19 west, from the owners thereof. During the summer of 1912, that company entered into a contract with Butler Brothers for the stripping of a certain mine nearby, and accordingly thereafter and prior to the month of December, 1915, the strippings therefrom were placed by Butler Brothers in a dump upon the tract of land above described, which lies immediately across the highway on the west line of the village of Spina. Thereafter the defendant Dean Iron Mining Company became the owner of such lease by assignment. The plaintiff owns lots 6 and 7 in block 5 in the village of Spina, upon which is situated at a. distance of 206 feet from the toe or base of the dump in question an 11 room two-story dwelling in which he resides with his family.

On June 13, 1916, near the northerly part of the east end of the dump a large mass of soft wet mortar-like material gushed out from the bottom of the dump across the highway and a distance of over 200 feet down one of the streets of said village, carrying with it for about 50 feet several houses with which it came in contact. The property of the plaintiff was not located upon this street and was in no manner whatever reached by the material which was thus forced out from the bottom of the dump.

The basis of plaintiffs' claim to a right of recovery, as appears from the complaint, is that the ground where the dump was constructed is low, spongy and sloped toward his premises; that the material constituting the dump was deposited thereon in a careless and negligent manner by making the dump too high, the incline too steep and by depositing thereon soft earth, quicksand and gravel in such manner as to cause the same to give way and slide in large quantities; that a large portion thereof did give way and slide onto the streets in masses, and that another like slide is liable to occur and strike and injure his premises, and that by reason thereof the market value of his property has been greatly diminished.

·At the trial the issues were fully litigated. The controlling question here for consideration is, whether the evidence sustains the verdict.

Appellants contend that it is not sufficient to sustain the verdict either as to negligence or damages. We are of the opinion that, even though there is sufficient showing to warrant a finding of negligence in the construction and maintenance of the dump, yet there is a fatal lack of evidence in support of the question of damages. Plaintiff contends in both his pleading and proofs, that the reasonable market value of his property immediately prior to the occurrence of the slide in June, 1916, was $4,000 and that immediately thereafter, because of the apprehension of another slide, it had no market value whatever. He rests his claim for damages squarely upon fear or apprehension, that because one slide has occurred another is likely to happen at any time which might strike his property, and that as the result of such apprehension the market value of his property has been greatly diminished.

Respondent's contention cannot be sustained. To recover damages for injury to real property, resulting from negligence, the owner must wait until the injury or damage has actually happened. It is the damage and not the anticipation thereof that gives rise to the cause of action. The following cases are analogous: West Leigh Collier Co. v. Tunnicliffe & Hampson (1908) A. C. 27; McGill v. Pintsch Com. Co. 140 Iowa, 429, 118 N. W. 786, 20 L.R.A.(N.S.) 466; Robb v. Carnegie Bros. & Co. 145 Pa. St. 324, 22 Atl. 649, 14 L.R.A. 329, 27 Am. St. 694.

In the instant case, apprehension of a future slide, though founded on the known fact of a former one, does not give rise to a cause of action for damages. To hold otherwise would be to allow damages for depreciation in the market value, due to the apprehension of future injury by negligence, for an act which has not and may never happen. Such a rule of damages would be too remote and speculative. The judgment appealed from must be set aside.

Reversed.