HARRIS L. JACKSON v. WESLEY J. REILING.

249 N. W. 2d 896.

January 14, 1977—No. 46487.

*Harris L. Jackson,* pro se, for appellant.

*Meagher, Geer, Markham, Anderson, Adamson, Flaskamp & Brennan, O. C. Adamson II,* and *John Hally Riley,* for respondent.

Considered and decided by the court without oral argument.

PER CURIAM.

This is an automobile negligence action in which the jury returned a special verdict finding plaintiff 45-percent negligent, defendant 55-percent negligent, and fixing plaintiff's personal injury damages at $5,000. Plaintiff appeals from an order denying his motion for a new trial on the ground that certain instructions of the trial court regarding damages were erroneous.

The intersection automobile accident which is the subject of this action occurred on July 17, 1965. Plaintiff sustained an injury to his right wrist as a result of that accident. His medical expert testified that he had suffered a 10-percent permanent partial disability of the wrist.

At the time of the accident plaintiff had been employed by the Great Northern Railroad for about 9 1/2 years and was 39 years old.[1] He took a medical leave of absence following the accident. In the summer of 1966 the railroad received reports indicating that plaintiff was able to return to work and discovered that he had taken other employment. It demanded that plaintiff report for work and, when he failed to do so, he was discharged. While working for the railroad plaintiff paid into a pension fund. His pension rights were to "vest" after 10 years of employment. Because he was discharged after 9 1/2 years, his pension did not vest.

Before trial, counsel for the parties agreed to a settlement for the damages to plaintiff's automobile and stipulated that no evidence of automobile damages would be introduced.

On appeal, plaintiff contends (1) that the trial court erred in ruling that the alleged loss of the railroad pension rights was too speculative and remote to be considered an appropriate element of damages, and (2) that the trial court erred in giving effect to the stipulation regarding automobile damages.

Damages which are remote and speculative cannot be recovered. Hornblower & Weeks-Hemphill Noyes v. Lazere, 301 Minn. 462, 222 N. W. 2d 799 (1974); Carpenter v. Nelson, 257 Minn. 424, 101 N. W. 2d 918 (1960). There is no general test of remote and speculative damages, and such matters should usually be left to the judgment of the trial court. Austin v. Rosecke, 240 Minn. 321, 61 N. W. 2d 240 (1953). In the

---

[1] Including 2 years of military service.

instant case the alleged loss of pension rights was conjectural, both in existence of a causal relationship and in amount of the loss. The jury, in order to find a causal relationship, would have had to conclude that the accident caused the loss of plaintiff's job; that but for the accident he would have retained his job for the requisite time period; and that he would have survived to retirement age. Determining the amount of the loss is even more difficult. It would depend on whether plaintiff would have retained his job with the railroad until retirement, the amount of his social security benefits from other employment, any pensions or substitute compensation earned in other employment, and the length of time he would have lived past retirement. It is not clear that plaintiff would suffer any loss at all. There was ample justification for the trial court's ruling that these damages were remote and speculative.

Plaintiff also claims the trial court erred in instructing the jury to disregard damages to plaintiff's automobile. This instruction was given pursuant to a settlement made by plaintiff's counsel. Even if plaintiff misunderstood the effect of that settlement, he was bound thereby. Ghostley v. Hetland, 295 Minn. 376, 204 N. W. 2d 821 (1973). Plaintiff cannot base his appeal on an instruction which his own counsel submitted to the trial court by stipulation. Ellering v. Gross, 189 Minn. 68, 248 N. W. 330 (1933); cf. Majerus v. Guelsow, 262 Minn. 1, 113 N. W. 2d 450 (1962).

The decision of the trial court must be and hereby is affirmed.

Affirmed.