**RELIANCE INSURANCE COMPANY,**
**Appellant,**

v.

**Phillip G. ARNESON, Respondent,**

**Nicholas Von Arx, Respondent.**

No. 81–729.

Supreme Court of Minnesota.

Aug. 6, 1982.

Cousineau, McGuire, Shaughnessy & Anderson and Kathleen Drake, Minneapolis, for appellant.

Tierney, Norton, Schomburg & Krieser, Toni Peterson and Paul O. Tierney, Minneapolis, for Arneson.

Grose, Von Holtum, Von Holtum, Sieben & Schmidt and Wilbur Fluegel, Minneapolis, for Von Arx.

OTIS, Justice.

This is a declaratory judgment action brought by appellant Reliance Insurance Co. (Reliance) seeking a determination (1) that acts of legal malpractice asserted by respondent Nicholas Von Arx against Reliance's insured, respondent Phillip Arneson, occurred after his malpractice insurance policy had expired, or (2) that defendant Arneson failed to give Reliance timely notice of potential legal malpractice claims. The district court determined that the alleged acts of malpractice asserted by Von Arx against Arneson occurred within the Reliance malpractice insurance policy periods and that any delay by Arneson in providing Reliance with notice of any potential malpractice claims resulted in no actual prejudice to Reliance. Reliance appeals from an order of the district court denying its post-trial motions. We reverse.

This case arises out of an accident that occurred 23 years ago. On July 17, 1959, Nicholas Von Arx, then less than four years old, lost an eye when he was struck by a protrusion dangerously jutting out from a "Taylor Tot" stroller. In 1962, Nicholas' father retained Phillip Arneson, a LaCrosse, Wisconsin, attorney to recover damages. Arneson associated with Duane Peterson, a Minnesota attorney, to handle the claim. The action was not commenced by Arneson and Peterson until December 1971, and the complaint filed in Houston County District Court, Minnesota, sought damages only against Frank F. Taylor, Co., the manufacturer of the Taylor Tot stroller. Service of process was made upon the Secretary of State of Minnesota; the Frank F. Taylor Co. did not respond; and a $100,000 default judgment was entered.

Arneson made no effort to collect upon the default judgment for more than four years. During this time Nicholas Von Arx

reached the age of majority and the statute of limitations on his claim expired a year later. *See* Minn.Stat. § 541.15(1) (1980).

After expiration of the statute of limitations it was discovered that service of process on the Frank F. Taylor Co. had been defective. In 1978 an action was commenced in Kentucky, where the Frank F. Taylor Co. is located, to collect upon the default judgment. Because of the jurisdictional infirmity the default judgment was settled for $35,000. This settlement was unsatisfactory to Nicholas Von Arx, and in January 1980 he commenced a legal malpractice action against Arneson alleging, among other things, Arneson's failure to make sufficient service of process. Arneson tendered defense of the malpractice action to Reliance, believing that Reliance was his insurer at the time of the alleged malpractice.

Reliance had insured Arneson under several policies, the earliest of which commenced in July 1965, and the latest of which expired in November 1973. Those policies all contained a standard provision stating that coverage extended only to acts or omissions "during the policy period." Because the statute of limitations on Nicholas Von Arx's claim did not expire until July 1974, over eight months after termination of the last insurance policy, Reliance declined the tender by Arneson and commenced the present declaratory judgment action.

Our determination of the issue of whether Arneson's alleged acts of malpractice arise within the Reliance malpractice policy periods is dispositive of this case, and we therefore consider only that issue on appeal.

■ We note initially the procedural context of the case currently before us. We do not have before us the underlying malpractice claim of Nicholas Von Arx against Phillip Arneson. Rather, what we are currently called upon to resolve is the separate issue of coverage under the Reliance malpractice policy. Our analysis of this issue occasions an examination of the coverage afforded by the Reliance malpractice policy and the substance of the claims of Von Arx against Arneson. *See Prahm v. Rupp Construction Co.*, 277 N.W.2d 389 (Minn.1979). If the two roughly coincide, Reliance is at least obligated to defend Arneson against the claims of Von Arx.[1] Any ambiguity is resolved in favor of the insured. *Id.* at 390.

■ The terms of the Reliance malpractice policy afforded coverage only for acts or omissions "during the policy period." Von Arx's claims against Arneson, as indicated by the pleadings and the record developed before the trial court, allege in substance that Arneson unreasonably delayed any action on Von Arx's claim and failed to secure proper service on the Frank F. Taylor Co. prior to expiration of the statute of limitations, resulting in an inadequate $35,000 settlement of the $100,000 default judgment. While we do not approve of Arneson's lack of diligence in handling Von Arx's claim, his dilatory behavior did not result in professional negligence for which he was insured by Reliance until he allowed the statute of limitations to run on Von Arx's claim, eight months after expiration of the last Reliance malpractice policy. We are led to this conclusion by what we said in the recent case of *Vesely, Otto, Miller & Keefe v. Blake*, 311 N.W.2d 3 (Minn.1981). There, a lawyer sought contribution from a doctor after the lawyer had been found liable for malpractice for failing to advise a client about the two year statute of limitations on the client's claim against the doctor. In denying the lawyer's claim for contribution against the doctor we stated:

---

1. As we stated in *Lanoue v. Fireman's Fund Am. Ins. Cos.*, 278 N.W.2d 49 (Minn.1979), "[t]he duty to defend is broader than the duty to indemnify." *Id.* at 53 n.1. The situation may therefore arise where an insurer is found obligated to defend, but upon ultimate disposition of the case it is determined that the insurer is not obligated to indemnify. A finding that an insurer is not obligated to defend will almost always preclude any obligation of the insurer to indemnify absent subsequent discovery of new facts during trial of the underlying claim. Because the determinative fact of this case, the expiration of the statute of limitations, is fixed and certain we are presently in a position to resolve both the duty to defend and the duty to indemnify.

When Dr. Blake allegedly treated John Togstad in a negligent manner, the Togstads could have sued him for damages for personal injuries arising from medical malpractice at that time and throughout the 2-year statute of limitations period. However, the Togstads could not have sued appellants for negligent legal advice during this 2-year period because at this point they had suffered no damage arising from the legal malpractice. The Togstads' ability to sue appellants for damages arose only at the time, and indeed for the very reason, that they could no longer sue Dr. Blake, i.e., at the expiration of the limitations period for the medical malpractice claim.

*Id.* at 5. Similarly, in this case Arneson was not negligent as a matter of law until his acts or omissions resulted in damage to Von Arx because of the expiration of the statute of limitations. Indeed, damage is an essential element of a negligence cause of action. *See* W. Prosser, *The Law of Torts* 143 (4th ed. 1971). Moreover, the threat of future harm, not yet realized, will not satisfy the damage requirement. *See Johnson v. Rouchleau-Ray Iron Land Co.*, 140 Minn. 289, 168 N.W. 1 (1918). Put another way, Reliance was insuring Arneson against damage resulting from professional negligence, not professional negligence in the air.

Because there was no damage to Von Arx until the statute of limitations ran, and that date was more than eight months after expiration of the last Reliance malpractice policy, we hold that Reliance is not obligated to defend or indemnify Arneson against the claims of Von Arx.[2]

Reversed.