**GENERAL MOTORS ACCEPTANCE CORPORATION, etc.,**
**Plaintiff-Appellee, Cross-Appellant,**

v.

**John A. MARLAR, etc., and Marlar Chevrolet-Oldsmobile, Inc., etc.,**
**Defendants-Appellants, Cross-Appellees.**

No. 84–3039.

United States Court of Appeals,
Eleventh Circuit.

Oct. 25, 1985.

Daniel S. Dearing, Dearing & Smith, Tallahassee, Fla., for defendants-appellants, cross-appellees.

Jean Laramore, Laramore & Clark, P.A., George Steven Pfeiffer, Joseph C. Jacobs, Melissa Fletcher Allaman, Ervins, Varn, Jacobs, Odom & Kitchen, Tallahassee, Fla., Nolan C. Leake, Gary J. Toman, King &

---

Spalding, Atlanta, Ga., for plaintiff-appellee, cross-appellant.

Before RONEY and CLARK, Circuit Judges, and SIMPSON, Senior Circuit Judge.

BY THE COURT:

On June 4, 1985, this Court, 761 F.2d 1517, issued its opinion in the above case. Timely petitions for rehearing were filed by both appellants and appellee on July 3, 1985, extensions of time for filing having been granted. On September 12, 1985, the Clerk filed an order of the Court denying the petitions for rehearing. On September 9, 1985, after the panel had acted on the petitions but prior to entry of the order by the Clerk, the parties filed a joint motion for vacation of the Court's opinion and remand to the district court on the representation that the parties had settled the case and there was no longer any case or controversy under which to further pursue the petitions for rehearing or a petition for writ of certiorari in the United States Supreme Court. Through the usual procedures followed by this Court, this motion was submitted to the panel on September 16, 1985.

Although the motion was not submitted to the panel until after the denial of the petitions for rehearing, since it was filed with the Court prior to the filing of the Order, it seems appropriate under *United States v. Munsingwear*, 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed. 36 (1950), and its progeny, for the Court to enter the following order.

---

The order denying the petitions for rehearing in this case is withdrawn, the opinion of the Court dated June 4, 1985 is vacated, the appeal is dismissed, and the case is remanded to the district court to vacate its judgment and to dismiss the complaints with prejudice upon proper motions of the parties.

SO ORDERED.