**Harry George WERLEIN,
et al., Plaintiffs,**

**and**

**David Yepma, et al., Plaintiffs–
Intervenors,**

**v.**

**The UNITED STATES of America,
et al., Defendants.**

**No. 3–84–996.**

United States District Court,
D. Minnesota,
Third Division.

April 21, 1992.

Order Dismissing Claims, April 21, 1992.

John Van De North, Jr., Ann Huntrods and David McDonald, Briggs & Morgan, St. Paul, Minn., for plaintiffs.

Peter Colby and Ina Strichartz, Dept. of Justice, Washington, D.C., for the U.S.

UNOPPOSED MOTION TO VACATE RULING OF SEPTEMBER 4, 1990 CERTIFYING CLASS ACTION CLAIMS INVOLVING "DISTINCT AND COMPLETED PHASES"

RENNER, District Judge.

Defendant, the United States of America, in accordance with the terms of the settlement agreement and pursuant to the laws of the United States, moves that this Court vacate its ruling of September 4, 1990, 746 F.Supp. 887, certifying the class action for challenges to distinct and completed phases of the cleanup, as moot and of no continuing force or effect, and as a basis therefore states as follows:

1. Filed contemporaneously herewith is a motion which will result in the dismissal without prejudice of all class claims in this litigation. The parties will be filing in the near future a motion to dismiss with prejudice all remaining claims of the named plaintiffs. As this Court is aware, this settlement resolved a lengthy and difficult litigation involving many significant factual and legal issues.

2. If a decision by a court remains disputed by the parties at the time of a settlement, the settlement moots the case and mandates the vacating of such a decision upon a timely motion for such relief by an affected party. *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39–40, 71 S.Ct. 104, 106–07, 95 L.Ed. 36 (1950); *Hendrickson v. Secretary of Health and Human Services*, 774 F.2d 1355 (8th Cir.1985); *General Motors Acceptance Corp. v. Marlar*, 774 F.2d 1042 (11th Cir.1985). The purpose of this often cited procedure is to insure that the principles of res judicata and stare decisis

---

do not apply to a case where, due to a settlement or other interim resolution, a party has lost its ability to fully present its arguments to all appropriate courts. *United States v. Nat. Bank of Commerce,* 775 F.2d 1050 (8th Cir.1985).

3. The validity of this process has been recently reaffirmed. *Webster v. Reproductive Health Services,* 492 U.S. 490, 512–13, 109 S.Ct. 3040, 3053–54, 106 L.Ed.2d 410 (1988) (see also, O'Conner concurring *Id.,* at 524, 109 S.Ct. at 3059–60.); *South Dakota v. Hazen,* 914 F.2d 147, 151 (8th Cir.1990); *In re Smith,* 921 F.2d 136, 139 (8th Cir. 1990); *Deakins v. Monaghan,* 484 U.S. 193, 201, n. 5, 108 S.Ct. 523, 529, n. 5, 98 L.Ed.2d 529 (1988).

4. In seeking this order to vacate the United States is focusing only on one specific unsettled issue of law which it had intended to appeal and which it believes could adversely affect its interest in future litigation.[1] Given the large number of possible cases where this issue might arise and given the strong interest of the United States in the development of this issue through the federal court system, vacating this decision is clearly appropriate.

### ORDER OF SEPTEMBER 4, 1990: CERTIFYING CLASS CLAIM

5. A significant legal issue addressed by this Court was its certification of the class action claims involving plaintiffs' declaratory relief claims.

6. In their original class certification motion of November 2, 1987, the plaintiffs moved for Rule 23(b)(2) certification of injunctive relief claims brought under several federal and state environmental statutes. In the Court's Order of September 4, 1990, however, the court dismissed plaintiff's injunctive relief claims except citizen suit claims under CERCLA to the extent they challenged distinct and completed phases of the TCAAP cleanup. (Order of September 4, 1990, at 60).[2]

7. There has been and remains disagreement between the parties about whether that legal standard had been met in this litigation. Moreover, the parties remain in disagreement over the correctness of that interlocutory order.

8. The parties originally negotiated a settlement of all tort, statutory and injunctive relief claims asserted by plaintiffs against the United States. Under the proposed settlement, the named plaintiffs' claims for damages and injunctive relief against the United States are to be dismissed *with* prejudice. In addition, all outstanding injunctive relief claims of the class were to be dismissed *with* prejudice. However, the parties subsequently agreed that the class claims would be more appropriately dismissed *without* prejudice and that plaintiffs would not oppose a motion to vacate this disputed ruling. To insure that the agreement to allow a dismissal without prejudice does not work an unfair prejudice to the United States, the ruling certifying the class to allow challenges to distinct and separate phases of the TCAAP cleanup should be vacated in relevant part.

9. This is a legal issue which is of significant interest to the United States and which the United States may face again in the future. The United States had expected to pursue an appeal of this issue. This dispute has been mooted by the settlement.

10. This motion to vacate is not opposed by the plaintiffs and does not work any prejudice against the plaintiffs.

WHEREFORE, the United States respectfully requests that this court grant

---

1. The United States will also be filing a motion to vacate the order of this Court dated April 8, 1991, involving attorneys fees. Due to the agreement of the parties, that motion will be submitted in connection with the dismissal of the named plaintiffs' claims.

2. The United States argued for dismissal of all injunctive relief challenges, without prejudice, because such claims sought pre-implementation review that was premature and thus barred by CERCLA section 113(h), 42 U.S.C. § 9613(h). Although the court agreed that § 113(h) barred some of those claims, the Order suggested that a challenge to a distinct and completed phase could be appropriate. Importantly, the issue of whether a distinct and completed phase exists or is at issue in this litigation, is disputed by the parties and has never been determined by the Court.

this motion and vacate, as moot, its ruling of September 4, 1990, certifying the class by allowing challenges to distinct and separate phases of the cleanup.

### ORDER

This Matter having come before this Court on the United States' UNOPPOSED MOTION TO VACATE RULING OF SEPTEMBER 4, 1991 CERTIFYING CLASS ACTION INVOLVING "DISTINCT AND COMPLETED PHASES", AND, on the STIPULATION FOR DISMISSAL WITHOUT PREJUDICE;

IT IS HEREBY ORDERED THAT: The Motion to vacate is granted and the claims of the unnamed class members are hereby dismissed without prejudice.