Nora L. BRYSON, Appellant,

v.

The PILLSBURY COMPANY and its subsidiary, Green Giant; et al., Respondents.

No. C4–97–1564.

Court of Appeals of Minnesota.

Feb. 3, 1998.

Alf E. Sivertson, Michelle M. Barrette, Sivertson and Barrette, P.A., St. Paul, for appellant.

Robert J. Tansey, Jr., Frederick R. Juckniess, Thomas C. Mahlum, Robins, Kaplan,

Miller & Ciresi, L.L.P., Minneapolis, for respondents.

Considered and decided by SHORT, P.J., and KALITOWSKI and PETERSON, JJ.

## OPINION

KALITOWSKI, Judge.

Appellant Nora Bryson challenges the district court's grant of summary judgment in favor of respondents Pillsbury Company, et al., arguing the district court erred because: (1) Bryson submitted evidence that raised a genuine issue of material fact as to whether she suffered a present injury; and (2) Bryson presented sufficient evidence to establish her claim for damages based on her alleged increased risk of developing cancer.

## FACTS

Appellant Nora Bryson boarded her horse at the farm of an individual who, like Bryson, was an employee of respondent Pillsbury's subsidiary, Green Giant (company). On July 23, 1990, Bryson discovered that her horse had fallen into a pit filled with water from a storm. The pit, which was 20 feet by 20 feet with a 17–foot depth, had allegedly been used by the company to dispose of waste. Bryson entered the pit in an attempt to rescue the horse and, while in the pit, observed what she believed to be Captan-treated seeds floating in the water. Captan is a chemical treatment for seed that protects it from insects in the soil until germination.

Bryson and others succeeded in getting the horse out of the water. Later that day, Bryson broke out in a rash that covered her body. She presented evidence that she has subsequently developed additional rashes. Bryson, through her expert from the University of Minnesota, presented evidence that she suffered extensive chromosome breakage as a result of exposure to Captan and that, because of the chromosome breakage, she has an increased risk of developing cancer. The company made a motion for summary judgment arguing: (1) Bryson assumed the risk of harm by not leaving the pit when she saw the Captan-treated seeds; and (2) Bryson's alleged damages were too speculative.

The district court denied the company's summary judgment motion on assumption of risk, but granted summary judgment in favor of the company stating that Bryson suffered no present injury and concluding that her claimed damages for future harm were too speculative as a matter of law.

## ISSUES

1. Did Bryson present sufficient evidence to support her claim of a present injury?

2. Did Bryson present sufficient evidence to support her claim for damages based on her alleged increased risk of developing cancer?

## ANALYSIS

As an initial matter, the company moved to strike Bryson's reply brief arguing the brief raised new issues and theories on appeal. After a review of the parties' arguments, we conclude that Bryson's reply brief is proper and deny the company's motion.

On appeal from a district court's grant of summary judgment, this court determines: (1) whether any genuine issues of material fact exist; and (2) whether the district court erred in applying the law. *State by Cooper v. French,* 460 N.W.2d 2, 4 (Minn. 1990). In making this determination, we "view the evidence in the light most favorable to the party against whom judgment was granted." *Fabio v. Bellomo,* 504 N.W.2d 758, 761 (Minn.1993).

### I.

Bryson contends the district court erred in granting summary judgment, claiming she presented sufficient evidence to raise a genuine fact issue as to whether her chromosome damage constituted a present injury. The company asserts that because Bryson's claimed chromosome damage is asymptomatic, it does not constitute a legally compensable present injury. In a memorandum supporting its order for summary judgment, the district court, without reference to Bryson's allegations regarding present damages, stated: "In this matter there are no present injuries * * *." We conclude the district court erred by granting summary judgment

where there is a genuine issue of disputed material fact regarding whether there was a present injury.

In *Werlein v. United States,* 746 F.Supp. 887, 901 (D.Minn.1990), *vacated in part on other grounds,* 793 F.Supp. 898 (D.Minn. 1992), the United States District Court addressed a case in which the plaintiffs claimed that exposure to contaminated air and drinking water resulted in chromosome damage. The defendants argued that the plaintiffs did not suffer a present injury. *Id.* In denying the defendants' summary judgment motion, the court in *Werlein* stated that it could not

> rule as a matter of law that plaintiffs' alleged injuries are not "real" simply because they are subcellular. The effect of volatile organic compounds on the human body is a subtle, complex matter. It is for the trier of fact, aided by expert testimony, to determine whether plaintiffs have suffered present harm.

*Id.*

The asymptomatic, subcellular damages claimed in *Werlein* are similar to the injury claimed by Bryson. Here, Bryson's expert witness presented evidence that Bryson's exposure to Captan resulted in chromosome breakage, and that such breakage is a "real and present physical and biologic injury." This testimony was disputed by the company, whose expert testified that

> an elevated number of chromosome aberrations are not considered an "injury" per se because they do not in and of themselves result in any physical impairment.

Following the reasoning of *Werlein,* we conclude the trier of fact should resolve this fact dispute.

■ Further, like the plaintiffs in *Werlein,* Bryson claims emotional distress damages and medical monitoring expenses because of her alleged chromosome damage. *Id.* at 901, 905. The court in *Werlein* determined that the existence and extent of these alleged damages also presented fact questions for the jury. *Id.* at 905–06. Again, following *Werlein,* we conclude that because there are genuine fact issues concerning the existence of Bryson's present injuries and damages, summary judgment on this claim is inappropriate.

**II.**

■ Bryson next argues that because she has offered expert evidence that she has a present injury, she need only present evidence that is "fair comment" on the medical implications of chromosome breakage to establish future damages resulting from her increased risk of cancer. Alternatively, Bryson argues that she has presented sufficient evidence to a reasonable medical certainty that entitles her to compensation for future damages as a result of her increased risk of cancer. The district court concluded that because Bryson can neither prove that her increased risk of future harm is more likely than not to occur, nor quantify her increased risk of developing cancer, her claimed damages for increased risk of future harm are too speculative as a matter of law. We agree.

■ A plaintiff must prove every element of a claim by a preponderance of the evidence. *Carpenter v. Nelson,* 257 Minn. 424, 427, 101 N.W.2d 918, 921 (1960). For Bryson to establish her claim for future damages, she must show: (1) that the future harm is more likely than not to occur; and (2) that her future damages are not too speculative. *Pietrzak v. Eggen,* 295 N.W.2d 504, 507 (Minn.1980). Bryson failed to present evidence on both issues.

■ We disagree with Bryson's contention that she need only present evidence that is "fair comment" on the medical implications of chromosome breakage. The term "fair comment" has been used to characterize expert medical testimony for purposes of determining the admissibility of evidence, not to provide the standard for proving future injury. *Dunshee v. Douglas,* 255 N.W.2d 42, 47 (Minn.1977). Here, Bryson's expert admitted that Bryson's increased risk of cancer could not be measured or quantified. Thus, the evidence presented by Bryson does not, as a matter of law, permit a factfinder to determine that Bryson is more likely than not to develop cancer.

■ Further, in *Faimon v. Winona State Univ.*, 540 N.W.2d 879, 884 (Minn.App.1995), *review denied* (Minn. Feb. 9, 1996), this court affirmed the principle that plaintiffs may not recover damages that are too speculative. The determination of whether damages are too speculative or remote "should usually be left to the judgment of the trial court." *Jackson v. Reiling*, 311 Minn. 562, 563, 249 N.W.2d 896, 897 (1977). Because Bryson has presented no evidence to quantify her risk of developing cancer, we conclude the district court properly granted summary judgment in favor of the company on Bryson's claim for future damages.

## DECISION

The district court properly granted summary judgment in favor of the company on Bryson's claim for damages based on an alleged increased risk of future harm because: (1) Bryson has not presented evidence that it is more likely than not that she will develop cancer; and (2) Bryson's claimed damages for the increased risk of cancer are too speculative as a matter of law. We conclude, however, Bryson has presented sufficient evidence to establish a genuine issue of material fact concerning the existence of a present injury and damages as a result of the alleged injury. We, therefore, reverse and remand this claim for further proceedings.

**Affirmed in part, reversed in part, and remanded; motion to strike denied.**

SHORT, Judge (concurring in part, dissenting in part).

I concur insofar as the majority concludes the trial court properly granted summary judgment in favor of Pillsbury Company on Bryson's "risk of cancer" claim. I respectfully dissent on the narrow remand concerning Bryson's "chromosome breakage" claim because there is no evidence supporting an award of damages for present physical injury. *Compare Werlein v. United States*, 746 F.Supp. 887, 901 (D.Minn.1990) (holding summary judgment inappropriate where increased risk of harm damages are supported by evidence of present physical injury), *vacated in part on other grounds*, 793 F.Supp. 898 (D.Minn.1992) *with Reliance Ins. Co. v.*

*Arneson*, 322 N.W.2d 604, 607 (Minn.1982) (concluding threat of future harm, not yet realized, will not satisfy damage requirement in negligence action). Mere allegations of emotional distress and possible medical monitoring expenses are insufficient to create a fact issue on whether Bryson now suffers from a present physical injury. *See* Minn. R. Civ. P. 56.05 (stating nonmoving party may not rest on pleading averments or denials, but must present specific facts showing genuine issue for trial); *Nicollet Restoration, Inc. v. City of St. Paul*, 533 N.W.2d 845, 848 (Minn.1995) (holding speculation and general assertions are not sufficient to create genuine issue of material fact for trial).

Even if an asymptomatic chromosome condition constitutes evidence of a present physical injury, Bryson also failed to offer any evidence that her alleged damages are capable of proof to a reasonable certainty. *See Fabio v. Bellomo*, 504 N.W.2d 758, 762–63 (Minn.1993) (concluding, even if court were to adopt "loss of chance" theory in medical malpractice actions, summary judgment was appropriate on "loss of chance" theory because patient failed to present evidence that it was more probable than not that her cancer would recur or that she had diminished life expectancy); *see also Abuan v. General Elec. Co.*, 3 F.3d 329, 334 (9th Cir.1993) (concluding plaintiff who seeks damages for increased risk of future illness or injury can recover only where toxic exposure more probably than not will lead to malady); *Laswell v. Brown*, 683 F.2d 261, 269 (8th Cir. 1982) (concluding lawsuit for personal injuries cannot be based only upon mere possibility of some future harm); *Thomas v. FAG Bearings Corp.*, 846 F.Supp. 1400, 1408 (W.D.Mo.1994) (concluding claim for increased risk of cancer is not compensable unless reasonably certain to occur); *Ayers v. Township of Jackson*, 106 N.J. 557, 525 A.2d 287, 308 (1987) (declining to recognize plaintiffs' cause of action for unquantified enhanced risk of disease because of speculative nature of an unquantified enhanced risk claim and difficulties inherent in adjudicating such claims). Under these circumstances, Bryson has no compensable injury and Pillsbury Company is entitled to judgment as a

matter of law. I would affirm the trial court's grant of summary judgment.