**Grace SKELLY, Appellant,**

v.

**Stanley MOUNT, d/b/a Neptune Bar & Lounge, Respondent.**

No. C3–00–952.

Court of Appeals of Minnesota.

Dec. 26, 2000.

Review Denied Feb. 21, 2001.

decedent to recover for losses under Minn. Stat. § 340A.801, subd. 1 (2000). Finding the district court erred in its interpretation of the statute, we reverse and remand.

## FACTS

Robert Skelly and appellant Grace Skelly were married in 1976 but the marriage was dissolved in 1990 because Robert had a drinking problem. The dissolution was amicable and, within a year, Robert agreed to move into appellant's trailer to share expenses once appellant felt that he had his drinking problem "more under control ." Although the Skellys did not make any formal plans to re-marry, the two went on vacations together, shared confidences, and provided emotional support for each other's children. In 1992, appellant ended her career as a nurse and began working with Robert as team drivers for a commercial trucking company. Because appellant had no formal truck-driving training, she did not feel comfortable driving without Robert.

On June 17, 1997, Robert died in a single-vehicle automobile accident after purchasing alcohol from respondent. His autopsy revealed that at the time of his death, he had a blood alcohol level over .22.

Appellant felt that she could not continue her job as a commercial truck driver without Robert. She tried to resume working as a nurse but quit after four days because of depression. Appellant's doctor has advised her that because of her depression, she should not work as a nurse or in any field involving stress.

On June 4, 1998, appellant filed suit against respondent. Appellant alleged in her complaint that respondent sold Robert alcohol even though he was exhibiting obvious signs of intoxication. She further alleged that these sales were a direct and proximate cause of Robert's death and, therefore, illegal under the Civil Damage Act (CDA).

Gerald S. Weinrich, Rochester, for appellant.

Peter Lind, Steven D. Pattee, Waldeck & Lind, P.A., Minneapolis, for respondent.

Considered and decided by SCHUMACHER, Presiding Judge, AMUNDSON, Judge, and HALBROOKS, Judge.

## OPINION

HALBROOKS, Judge.

Appellant Grace Skelly challenges the district court's conclusion that an individual must have a legal relationship with a

On April 4, 2000, respondent's motion for summary judgment was heard, arguing that appellant lacked standing to pursue a claim. On April 25, 2000, the district court granted respondent's motion on the ground that appellant has no standing under the CDA. The district court was unwilling to expand the definition of "other person" to include a live-in companion. This appeal follows.

Appellant argues that the court erred in its interpretation of the CDA, and that there is a genuine issue of fact regarding her damages. Respondent urges this court to affirm, arguing that expanding the pool of potential plaintiffs under the CDA is bad public policy.

## ISSUE

Did the court err by concluding appellant may not recover under the Civil Damage Act?

## ANALYSIS

On appeal from a district court's grant of summary judgment, we must determine whether any genuine issues of material fact exist and whether the district court erred in applying the law. *Bryson v. Pillsbury Co.*, 573 N.W.2d 718, 720 (Minn. App.1998). In making this determination, we "view the evidence in the light most favorable to the party against whom judgment was granted." *Id.* (quotation omitted). When the issue is solely one of law involving statutory construction, the review is de novo. *K.R. v. Sanford*, 605 N.W.2d 387, 389 (Minn.2000).

The Minnesota Civil Damage Act, commonly referred to as the Dram Shop Act, provides:

A spouse, child, parent, guardian, employer, or other person injured in person, property, or means of support, or who incurs other pecuniary loss by an intoxicated person or by the intoxication of another person, has a right of action in the person's own name for all damages sustained against a person who caused the intoxication of that person by illegally selling alcoholic beverages.

Minn.Stat. § 340A.801, subd. 1 (2000). The statute is both remedial and penal because it

punish[es] an offending vendor and deter[s] others from making illegal sales of liquor, [and] it also serves to compensate those who would under ordinary circumstances or other tort principles obtain no recovery for their injuries.

*Hannah v. Chmielewski*, 323 N.W.2d 781, 784 (Minn.1982) (quotation omitted); *see also Koehnen v. Dufuor*, 590 N.W.2d 107, 109 (Minn.1999) (noting that before the CDA "no cause of action existed for injury resulting from the sale of intoxicating beverages").

Respondent argues that since the CDA includes "readily ascertainable classes of individuals," other "readily ascertainable classes" must be excluded from the term "other person." But adopting this interpretation would run afoul of the Minnesota Supreme Court's holding in *Lefto v. Hoggsbreath Enterprises, Inc.*, 581 N.W.2d 855 (Minn.1998). In that case, Desiree Lefto brought a lawsuit on her own and her daughter's behalf against Hoggsbreath Enterprises because of its illegal sale of alcohol to her fiancé Michael Lefto. *Id.* at 855–56. This illegal sale was a substantial factor in his automobile accident on the couple's wedding day. *Id.* at 856. Hoggsbreath argued that at the time of the accident, Lefto and her daughter lacked standing under CDA because they had no legal relationship to Michael Lefto. *Id.* But the court explicitly rejected the theory that "only people with a legal relationship with the intoxicated person are entitled to recover," *id.*, and reiterated its "repeated view * * * that the [Act] was intended solely to protect innocent third persons injured as a result of another's intoxication," *id.* at 857 (quotation omitted) (second alteration in original).

Under this broad reading of the CDA, we find that appellant has standing

to pursue her claim. We find no difference between appellant's situation and that of Nicole and Desiree Lefto. Similarly to the Leftos, appellant lived with Robert Skelly for many years and depended on him both financially and emotionally. The mere fact that Michael Lefto's accident occurred on the way to his wedding is of little legal consequence. Unlike the district court here, the *Lefto* court did not find it relevant whether a relationship was coming together or drifting apart. Rather, what is important is that appellant has demonstrated that she is an innocent third person who lost her means of support due to respondent's alleged illegal sale of alcohol to Robert Skelly.

We acknowledge some hesitation in arriving at this decision. This interpretation creates a broader class of potential plaintiffs and gives standing to individuals who have no legal relationship to the intoxicated person. For example, as respondent correctly notes, if Robert Skelly had been killed by a drunk driver, appellant would not have standing against the driver under the Wrongful Death Act, Minn.Stat.

§ 573.02 (2000). But that statute expressly limits the class of potential plaintiffs to "the surviving spouse or one of the next of kin." Minn.Stat. § 573.02, subd. 3 (2000). There is no such limiting language in the CDA, and we are bound by the language of the statute and its interpretation under *Lefto*.

## DECISION

The plain language of the Civil Damage Act permits recovery for all damages sustained by any person injured as a result of another person's intoxication. Therefore, the district court erred by concluding that appellant must have a legal relationship with Robert Skelly to recover under the Act.

**Reversed and remanded.**